13792

CITY OF GREENVILLE v. QUERY ET AL.

(173 S. E., 292)

Before OXNER, J., Greenville, December, 1932.

*Messrs. John M. Daniel, Attorney General, J. Fraser Lyon* and *Claude K. Wingate,* for appellants,

*Mr. B. A. Morgan,* for respondent,

March 2, 1934.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

The plaintiff brought this action in December, 1932, for the purpose of having the defendants permanently enjoined from enforcing executions against the city's property for the collection of an excise tax imposed on storage of gasoline by an Act of the Legislature passed in 1930. See 36 St. at Large, p. 1390, now appearing as Sections 2512-2520 of the Code of 1932.

In *Gregg Dyeing Company v. Query,* 166 S. C., 117, 164 S. E., 588, and *City of Greenville v. Query,* 166 S. C., 281, 164 S. E., 844, 845, the constitutionality of the Act was attacked upon various grounds. Its validity, however, was upheld by this Court, whose judgments were later affirmed by the Supreme Court of the United States. See 286 U. S., 472, 52 S. Ct., 631, 76 L. Ed., 1232, 84 A. L. R., 831. Subsequently, the City of Greenville failed to make and file with the tax commission the monthly returns required by Section 2 of the Act [Code 1932, § 2513], and refused to pay the tax ascertained and determined upon a return made by the tax commission itself (Section 4 [Code 1932, § 2515]). Executions were then issued by the commission (Section 3 [Code 1932, § 2514]), against the property owned by the city for the collection of the tax, which resulted in the bringing of this action, as stated, for injunctive relief.

On plaintiff's verified complaint, Chief Justice Blease issued an order requiring the defendants to show cause before Circuit Judge Oxner why they should not be enjoined from levying upon and selling the property of the plaintiff. Defendants demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action, in that the statute did not violate any provision of the Federal or of the State Constitution, and that the defendants had taken no action or proceeding in the premises not provided for by the statute. They also answered, alleging, *inter alia,* that the cause was *res adjudicata,* as all matters in litigation had been settled and the Act held to be valid and constitutional in the suit theretofore brought by plaintiff against the same de-

fendants for the purpose of having the Act declared unconstitutional.

Judge Oxner, in disposing of the several questions raised by the plaintiff, held that under the decisions referred to all constitutional objections urged in this action had been determined by the Courts adversely to plaintiff's contentions, and that the decision in the case to which plaintiff was a party would be *res adjudicata* as to any new constitutional grounds assailing the validity of the statute; that a determination of the amount of the tax was not a judicial matter, as the Act prescribed the manner by which this should be done; that the tax imposed is a valid one, and that the City of Greenville is liable therefor within the meaning of the statute; but that "under the terms of this Act the General Assembly has not authorized the procedure of levy and sale of property owned and used by a municipality for public purposes to satisfy unpaid taxes against such delinquent municipality." He, therefore, by his order dated January 30, 1933, enjoined the defendants "from levying upon, seizing, selling or otherwise. making disposition of, any property held by the plaintiff herein and by it used for public purposes, without prejudice, however, to the defendants' pursuing any other remedy which they may have in the premises." From this order, the defendants appeal.

The appellants contend, in the first place, that under the rule announced in *McDowall v. McDowall,* Bailey, Eq., 324, the Circuit Judge committed error in not sustaining the defense of *res adjudicata,* as plaintiff had every opportunity and right to raise in its former suit the question that its property could not be subjected to levy and sale for this tax and that the commission had no authority to issue execution, just as well as the constitutional questions which were raised in that litigation.

In the former suit prosecuted by the plaintiff the only question involved was whether the Act imposing the tax was constitutional; and while it is true that the plaintiff had the

opportunity to raise in that suit the question that its property could not be subjected to levy, etc., we do not think that the manner of the collection of the tax was a pertinent issue for determination until the question of the validity of the tax was decided. We are constrained, therefore, to hold that the defense of *res adjudicata* was properly overruled by the Circuit Judge.

The main contention of the plaintiff in the Court below was that property held by a municipality and used strictly for municipal and public purposes could not be subjected to levy and sale in the same manner as property of other defaulting taxpayers. Consideration of this question by the Circuit Judge shows much investigation and thought, numerous authorities being cited to the effect that it is against a wise public policy to levy upon and sell the property of a city or county, or other governmental agency, used exclusively for public purposes. In answer to the contention of the defendants that "public policy cannot prevail over a statute which is not in contravention of the constitution," the Court held that, even if so much were conceded to be true, the Act of 1930, under applicable rules of construction in a case of this kind, does not authorize the procedure contended for by the defendants.

We think, however, under the plain and specific language of the statute, the learned Circuit Judge was in error. From a reading of the entire Act, we are of opinion, and so hold, that the Legislature intended to provide for the collection of the tax by the issuance of executions against the property of any delinquent taxpayer named in the statute, and that the commission in following that procedure for the purpose of collecting the tax due and owing by the City of Greenville was clearly acting within the terms and provisions of the law. The tax is imposed (Section 1 [Code 1932, § 2512]), upon "every person, firm, corporation, municipality, county, or any subdivision thereof, in the State of South Carolina * * *"; and it is provided that if the tax is not paid on

or before the date mentioned in the Act (Section 3 [Code 1932, § 2514]), the commission shall issue an execution directed to the proper tax collecting officer of the county in which the delinquent taxpayer resides or where such business is conducted, and the execution shall be enforced in the manner provided by law for the enforcement of an execution issued by the county treasurer against a delinquent taxpayer. In reaching his conclusion, the Circuit Judge held that it would be assumed that the General Assembly intended to enforce the collection of the tax against the ordinary taxpayer in the usual manner; but that as to the method of its collection against a delinquent municipality or county other adequate remedies would be used. No good reason, however, appears why such a presumption should be indulged, as the Act makes no distinction whatsoever as to the manner or method of collecting the tax from any class of taxpayers named in or covered by the Act. Furthermore, if the contention of defendants is correct, that they have no other adequate remedy, such a presumption, if indulged, would completely defeat the collection of the tax. In *City of Greenville v. Query et al., supra,* this Court held that "the taxing body of South Carolina has expressly and clearly enacted that all municipalities, counties, and political subdivisions shall pay this tax. Rules of presumption and policy, therefore, disappear in the light of expressed legislative declaration." The exception raising this question is sustained.

It was also urged in the Court below, and argued on appeal here, that it is beyond the power of the General Assembly to authorize the sale of municipal property used for public purposes to satisfy the assessment of this tax. In view of the conclusion reached by him, that the General Assembly had not authorized this to be done, the Circuit Judge did not pass upon this contention and expressed no opinion thereabout.

No authority directly in point has been cited. The respondent relies upon the case of *In re. Malone's Estate,* 21 S. C.,

435. While this decision is interesting and enlightening, it is not at all conclusive of the question here presented. We find, upon examination, that the authorities cited by the Circuit Judge have to do with rules of interpretation and construction which are applied to private persons having claims against cities and counties, and the result of his conclusion, therefore, is to place the State in the same situation as to collection of its tax that a common individual creditor would be placed who is endeavoring to enforce the collection of a debt due and owing him by a county or city. The situations, however, are so different that one may not be soundly invoked as a precedent for the other. In the case before us, it is the sovereign which, for its own use and benefit, has imposed upon these subdivisions of the State a valid excise tax, and has provided a remedy for its collection should any one of the taxpayers named in the Act fail or refuse to pay the tax as provided therein. We find no inhibition in the Constitution against such action by the State. If such were the case, we would be confronted by the anomalous situation of a state having the power to levy a tax and being without power to enforce its collection. To so hold, unless other "adequate remedies" exist and may be employed, would be in effect to declare the Act invalid for all practical purposes in so far as counties and municipalities are concerned. It would seem to us to be an unsound, if not an unsafe, public policy to declare that the sovereign, while it may impose such valid tax upon counties and municipalities, is impotent and helpless in its collections.

If the defendants have any other adequate remedy for the collection of the tax, as the Circuit Judge implies in his order, they are not precluded from pursuing such remedy. In fact, if adequate, such remedy should be first employed by the commission. However, should the commission find it necessary for the collection of the tax to pursue the remedy provided for in the Act of 1930, it shall levy upon and sell for such purpose the property of any de-

linquent county, municipality, or other political subdivision, in the following order: (1) Any property owned by such delinquent taxpayer, personal property and real estate, not used by it for public or governmental purposes; (2) any personal property owned by such delinquent taxpayer and used by it for governmental purposes, including moneys, etc., in the hands of or to the credit of such taxpayer, and which may be reached by proceedings supplementary to the execution; and (3) any real estate of such delinquent taxpayer used by it for governmental or public purposes.

The order appealed from is reversed.

Mr. Chief Justice Blease and Messrs. Justices Carter and Bonham concur.