13803

CHEROKEE COUNTY v. WHELCHEL, SHERIFF, *ET AL.*

(173 S. E., 632)

Before SEASE, J., Cherokee, December, 1932.

*Messrs. John M. Daniel, Attorney General, J. Fraser Lyon* and *Claude K. Wingate,* for appellants,

*Messrs. Hall & Vassy,* for respondent,

March 12, 1934.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

The County of Cherokee failed and refused to pay the excise tax imposed on storage of gasoline by an Act of the Legislature passed in 1930. See 36 St. at Large, p. 1390. It also failed to file with the commission the monthly returns required by the statute (Section 2), and refused to pay the tax ascertained and determined upon a return made by the tax commission itself (Section 4). The commission then issued executions (Section 3), against the property owned by the county for the collection of the tax, which resulted in the bringing of this action for injunctive relief. The matter was heard by Judge T. S. Sease, who, in an order dated February 4, 1933, perpetually enjoined the defendants "from levying upon or selling any of the property of Cherokee County, used solely and exclusively for public purposes." From this order, the defendants appealed.

The case is ruled by the decision of this Court in *City of Greenville v. Query et al.,* 173 S. E., 292, filed March 2, 1934, and under the authority of that decision the judgment below must be reversed.

The plaintiff alleged that the tax claimed by the commission had not been judicially determined by any Court of competent jurisdiction, and that the at-

tempted effort to enforce the unadjudicated claim against the county deprived it of its constitutional rights. In response to this plea, Judge Sease decreed that the commission should furnish the supervisor for Cherokee County with an itemized statement of the tax charged against the county, and that if the amount be ascertained to be true and correct, then the county, through its proper officers, should include such amount in the estimate to be submitted to its delegation in the General Assembly. The defendants contend that this was error, as no duty rests upon it under the statute to furnish any delinquent taxpayer with an itemized statement as required by the order of Judge Sease.

We think the position taken is sound. The plaintiff does not challenge the correctness of the amount of the tax as determined by the commission, but merely claims that, in the circumstances, there should be a judicial determination of such amount. In the recent *Greenville case,* this Court indicated that the determination of the amount of the tax is not a judicial matter, as the statute prescribes the manner and method by which this shall be done.

The county is here at fault. Its failure to make the monthly returns required by the statute made it necessary for the commission to ascertain and determine the amount of the tax as was done by it. If the amount so ascertained is thought by the county to be incorrect, then it should apply to the commission for such relief as it may be entitled to under a proper showing.

The order appealed from is reversed.

Mr. Chief Justice Blease, Messrs. Justices Carter and Bonham and Mr. Acting Associate Justice W. C. Cothran concur.