[No. 4170.]

THE BISHOP AND CHAPTER OF THE CATHEDRAL OF ST. JOHN
THE EVANGELIST, A CORPORATION, v. THE TREASURER
OF ARAPAHOE COUNTY.

[No. 4337.]

THE CITY OF DENVER v. BONESTEEL.

COUNTIES—MUNICIPAL CORPORATIONS—COSTS—STATE REVENUE.

A statute directing the clerk of the supreme court to collect
from each party, to a cause or proceeding in that court,, in addition
to the fees already provided, a fee of five dollars for the purpose of
state revenue, does not apply to counties and municipal corpora-
tions when parties to suits.

*Appeals from the District Court of Arapahoe County.*

*On Motions of County and City to Refund Revenue Docket Fee.*

Mr. GEORGE F. DUNKLEE, county attorney, and Mr. H. M.
ORAHOOD, city attorney, for the motions.

Mr. C. C. POST, attorney general, *per contra.*

Mr. JUSTICE GABBERT delivered the opinion of the court.

The questions in each of these cases being the same, they will
be considered together. The revenue law passed by the late gen-
eral assembly provides that, for the purpose of state revenues, in
addition to the fees now authorized by law, the clerk of the su-
preme court shall collect from the appellant, plaintiff in error,
or other persons commencing a proceeding in this court, the sum
of five dollars; and from the appellee, the defendant in error,
or respondent, a like sum. These fees are not recoverable by the
successful party. The county, in the one case, and the city, in
the other, paid this fee under protest, and now move to have the

same refunded. No question is raised regarding the validity of the act in question, nor the authority of the state to impose such tax. The claim of counsel for the city and county is that the statute does not include any governmental agency of the state unless so stated in express terms; while on behalf of the state it is contended that all exemptions from taxation are to be strictly construed, and that they embrace only those specifically named. The object of the law in imposing the fee of five dollars upon each of the parties to a proceeding in this court is to raise a fund to assist in defraying the expenses of the state government. The county is merely a subdivision of the state for the purposes of state government. Its officers are virtually officers of the state, charged with the administration and execution of its laws. In short, it is nothing more than an agency of the state for the general administration of its affairs.

The purpose of a municipal corporation is to permit the inhabitants of a particular district, in their corporate capacity as such, to exercise subordinate specified powers of legislation with respect to their local and internal concerns. Such a municipality is not an agency of the state like a county, but it exercises the power of government by virtue of the authority of the sovereign state. Its legislation and local administration of law, in the territory embraced within its jurisdiction, are legislation and administration of governmental affairs within that limit. *Stermer v. La Plata County*, 5 Colo. App. 379; 1 Dillon Mun. Corp., 4th ed., sec. 20; *City of Louisville v. Comm.*, 1 Duval (Ky.,) 295.

It is by virtue of political subdivisions, such as counties, and municipalities like cities, that the laws are executed and the welfare of the people subserved. Taxes are charges levied by the sovereign state upon the persons of its subjects or citizens, and not charges upon itself. Revenue is the object of taxation, and none would result from levying a tax upon the agencies of the state through which it exercises the functions of government, or by virtue of which it protects and enforces its rights or those of its

citizens. Taxation of these functions and agencies would, in effect, be merely taking money out of one pocket and putting it into another. In the end, no net revenue would be derived. Such a policy would simply require a levy to meet these expenses in the first instance, to be again returned by the imposition of a fee. Hence, however general the statute may be in enumerating the parties liable to a tax of the character under consideration, the rule is that the subdivisions of the state created for governmental purposes are not included, or were intended to be excluded, in the absence of a specific declaration to the contrary; and the general rule of law invoked by the attorney general with respect to exemptions does not apply to public matters. *People v. Doe G.,* 36 Cal., 220; *Worcester County v. Worcester,* 116 Mass., 193; *Fagan v. City of Chicago,* 84 Ill., 227; *Gachet v. City of New Orleans,* 27 So. Rep., 348.

The statute in question is broad enough in terms to embrace all litigants in this court; but, in the absence of an express declaration that it was thereby intended to include counties and cities, we are of the opinion that such governmental subdivisions are exempt from its operation.

The motions to refund are sustained.