No. 12,019.

PEOPLE v. CITY AND COUNTY OF DENVER.

Decided November 26, 1928.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. OLIVER DEAN, Assistant, for the people.

Mr. THOMAS H. GIBSON, Mr. E. V. HOLLAND, Mr. GEORGE HETHERINGTON, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE DENISON delivered the opinion of the court.

THE people of the state of Colorado brought suit to compel the City and County of Denver to pay gasoline and gasoline inspection taxes. A demurrer to the complaint was sustained and the state brings error.

There were five causes of action. By the first the state sought to recover the excise tax of two cents per gallon for gasoline used or offered for sale by the city while the act of 1919 as amended by § 1, c. 153, S. L. 1923, was in force, from July 1, 1925, to May 1, 1927.

The city's principal objection to this cause of action is that municipalities are not subject to excise taxes unless they are expressly or by necessary implication within the scope of the statute which creates the tax; and that the above mentioned statute does not include them.

The state says that it does include them by necessary implication, and its argument is as follows: (1) The act, § 1, c. 153, S. L. 1923, says ''an excise tax of two cents is hereby levied and shall be collected on each gallon of gasoline  *  *  *  offered for sale or used for consumption for power purposes in propelling motor vehicles.'' This is broad enough to include gasoline used or sold by the city. (2) All the roads of the state are used by the city and her citizens and also redound incidentally to her and their benefit. (3) The city paid the tax for a while but in 1925 refused to do so longer whereupon the legislature at the first opportunity, in 1927, amended the statute so as to include cities. That this was an express reiteration of what had been implied in the previous act and indicates that that implication was intended. (4) That since the small municipalities of the state are compelled to buy their gasoline from retail dealers who surcharge the tax, while Denver buys hers in carload lots without the tax, the exemption she claims would be a discrimination in her favor, which is not to be presumed.

In these propositions there is no claim that the statute expressly includes cities nor do we see any necessary implication to that effect. The implication should be such as to be equivalent to an express statement or ''specific

declaration" of inclusion. *Denver v. Bonesteel,* 28 Colo. 483, 65 Pac. 628. Then, too, an amendment generally instead of implying an intent to reiterate, implies an intent to change the amended law; the act of 1927, therefore, indicates that the law of 1923 did not include cities.

As to the fourth proposition, we cannot take judicial notice that small cities are unable to obtain gasoline without payment of the tax, and there is no evidence on that point. The contrary is probable.

The second cause of action claims an inspection fee of one mill per gallon due the state for inspection of gasoline used or offered for sale by the city, according to the act of 1915, C. L. § 3623.

It seems clear enough that the city is subject to this tax.. It is a measure not for revenue, but for public protection and the arguments which support the exemption of the city from a revenue tax, set forth in *Denver v. Bonesteel, supra,* are without force. All the reasons for inspection fit the use of the city as well as that of others. We are informed of no case which holds a municipality to be exempt from such a tax.

The third cause of action is for the three cents per gallon on gasoline offered for sale or used by the city since the act of 1927 (i. e. in May, 1927), and the fourth for that used by Denver and the Denver board of water commissioners for the month of June, 1927. They can best be treated together.

The act of 1927 specifically indicates cities as among the persons subject to the tax, so the objection discussed with respect to the first cause is not here involved.

It is not controverted that legislatures ordinarily have power by "specific declaration" (see *Denver v. Bonesteel, supra*) to tax cities, but it is claimed that article X, § 4 of the Colorado Constitution forbids it. That section is as follows: "The property, real and personal, of the state, counties, cities, towns and other municipal corporations and public libraries, shall be exempt from taxation."

This claim is unsound, because the tax in question is an excise tax, and not a tax on property, real or personal. *Altitude Oil Co. v. People,* 70 Colo. 452, 454, 202 Pac. 180; *Denver Ry. Co. v. Denver,* 21 Colo. 350, 41 Pac. 826. The Constitution was not directed to such. *State v. Life Ins. Co.,* 8 Idaho, 240, 67 Pac. 647. It is not a tax on the gasoline, but on the right to sell it, offer it for sale or use it to propel motor vehicles. See also *State v. Camp Sing,* 18 Mont. 128, 44 Pac. 516. *Ex parte Shaw,* 53 Okl. 654, 661–4, 157 Pac. 900. The argument that the tax must ultimately come out of the citizens is true of every kind of tax, and proves nothing for the courts, whatever weight it might have with the legislature. In its last analysis it is an argument of expediency, and is for the general assembly and not for us. The case of *Dispensary Commissioners v. Thornton,* 106 Ga. 106, 108, 31 S. E. 733, seems against our conclusions, but we do not follow it.

The city relies upon *In re Inheritance Tax of Macky Est.,* 46 Colo. 79, 97, 102 Pac. 1075. It was there held that a legacy to the State University was not subject to the inheritance tax because impliedly exempt. We agree with this and have so held in re the first cause of action herein, but counsel seems to draw the conclusion that the inheritance tax is therefore a property tax; that cannot be, however, because the United States levies such a tax though it cannot levy a property tax. Its levy is on the transfer of the net estate. *People v. Bemis,* 68 Colo. 48, 189 Pac. 32. Colorado's is on the power to receive, Id. The argument in the opinion in the Macky case was that without " a specific declaration" no state property could be taxed and that an excise tax was subject to the same rule. There was no question raised there as to the effect of the Constitution on an excise tax. The opinion declares rather that a statute might make the University pay an inheritance tax. It says: "Though the state has the power to do this [levy the excise tax] the process would be a useless one." p. 96. And on page 95, the

court declines to consider the constitutional question, saying that since the act deals only with taxation of property it might be difficult to apply it in the case on hand. We conclude that the city is liable for the three cents gasoline tax.

The fifth cause of action is for oil inspection fees since the act of 1927. The city claims that that act repeals the provisions for an inspection fee previously enacted and enacts no substitute. This fee was established by C. L. § 3623 which is expressly repealed by the act of 1927 (c. 140, S. L. 1927), but the state says this repeal was not within the terms of the title of that act and so is void. We do not think so. The title is as follows: "An act relating to a tax on petroleum products used in propelling motor vehicles and to amend chapter 153 Session Laws of Colorado 1923."

Said § 3623 is as follows: "Said inspector shall collect from the owner, or party for whom the inspection is performed, the sum of one-tenth of one cent per gallon for each gallon inspected of all petroleum products subject to inspection as herein provided." Is the repeal of this section germane to the above title? We think it is. The section was originally enacted as § 10 of "An act relating to the production, purity, sale, and inspection of kerosene, gasoline * * * etc." c. 126, S. L. 1915. It provides a method of payment of the cost of inspection. The act of 1919 levied a tax of one cent per gallon on gasoline and required the inspector to collect it, the act of 1923 raised the tax to two cents, and the act of 1927 raised it to three cents and abolished the inspection fee by the repeal in question, i. e. raised the tax but dispensed with some of the expense of collection. It seems too clear for argument that the repeal is germane to the title. A provision for inspection with an inspector as collector would be obviously germane to the title of "An act relating to a tax on petroleum products," and if so the repeal of such provision must also be germane thereto.

582

There was no error in sustaining the demurrer to the first and fifth causes of action, but there was to the second, third and fourth causes.

The judgment is reversed and the district court directed to proceed according to this opinion.

Mr. Justice Campbell dissents from the conclusion that the city was not subject to the tax in question before the act of 1927.