No. 32,558

THE STATE OF KANSAS, ex rel. CLARENCE V. BECK, Attorney General, *Appellee*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF BARTON, *Appellant*.

(51 P. 2d 33)

Opinion filed November 9, 1935.

*Herbert Diets,* of Great Bend, for the appellant.

*Clarence V. Beck,* attorney general, *J. S. Parker,* assistant attorney general, and *Alex Hotchkiss,* of Lyndon, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was an action to recover motor-vehicle fuel tax. The facts were stipulated. Judgment was for plaintiff, and defendant has appealed.

The material facts may be stated as follows: On various dates from September 11, 1932, to April 22, 1933, defendant received motor-vehicle fuel in original containers to the amount of 26,736 gallons, broke the containers, stored the fuel, and later used 24,303 gallons in its motor vehicles on the highways of the state. The remainder was used in such a way as not to be subject to the tax. Defendant made no report to the state oil inspector of the receipt and use of this fuel. No tax was paid thereon to the state oil inspector, and no claim was made for exemption from the tax. On December 13, 1933, plaintiff filed with defendant its itemized, verified claim for the tax of three cents per gallon for the motor-vehicle fuel used on the highways, which claim was disallowed, whereupon this action was filed. No question is raised as to the amount of the judgment if plaintiff is entitled to recover.

Appellant contends the county is not a "dealer" within the mean-

ing of the statute. The statute in force at the time plaintiff purchased and used the fuel defines the term as follows:

"'Dealers' means and includes any person or persons, firm, association, or corporation who receives from any source, motor-vehicle fuel in tank cars or other original containers and who unloads or breaks such original containers for the purpose of storing, selling, delivering or using all or any part of motor-vehicle fuel thus received. . . ." (Laws 1929, ch. 287, § 1, [c].)

It will be noted the stipulated facts disclose defendant did everything within the definition of a dealer. It is contended being a county prevents it from being such a dealer. No exception of that kind is written in the statute. "The word 'person' may be extended to bodies politic and corporate." (R. S. 77-201, clause 13.) Under a statute similar to our own a city was held to be a dealer in *State v. City of Sioux Falls*, 60 S. D. 330, 335, 244 N. W. 365, and under a similar statute a county was held to be a "retail dealer" in *Crockett, Sccy. of State v. Salt Lake County*, 72 Utah 337, 341, 270 Pac. 142. We are told the operative interpretation of the motor-vehicle fuel tax law since it was first enacted in this state has been that counties, cities, and other subdivisions of the state were liable for the tax if they handled such fuel in a way to be defined as a dealer. While this operative interpretation is not controlling, it is persuasive. We conclude defendant, under the stipulated facts, was a dealer within the meaning of the statute above quoted. Appellant points out that a dealer is required to procure a license, to make reports, and is subject to criminal liability if these things are not done, and from this argues that the legislature never intended that counties should do those things, or should be subject to criminal prosecution. There is no reason it should not procure a license and make reports if it desires to act as a dealer. We are not here concerned with the criminal liability for failure to comply with those provisions of the statute. This is a civil action for the recovery of tax due.

Appellant next contends that it is a political subdivision of the state engaged in governmental duties and cannot be required to pay the motor-vehicle fuel tax because the imposition of such tax would be in contravention of section 1 of article 11 of our constitution, the pertinent portions of which read:

"The legislature shall provide for a uniform and equal rate of assessment and taxation; but all property used exclusively for . . . county . . . purposes, . . . shall be exempted from taxation."

This provision of our constitution applies exclusively to taxation of property. (*City of Newton v. Atchison,* 31 Kan. 151, 1 Pac. 288.) The motor-vehicle fuel tax is not a tax on property. The act providing for it "creates no property tax, but is a personal liability upon dealers." (*State, ex rel., v. Snell,* 127 Kan. 859, 860, 275 Pac. 209.) The same question has been considered by other courts where the constitutional provisions were similar to our own, and the same conclusion reached in the following cases: *Independent School Dist. v. Pfost,* 51 Ida. 240, 4 P. 2d 893; *City of Louisville v. Cromwell, Treasurer,* 233 Ky. 828, 27 S. W. 2d 377; *City of Portland v. Kozer et al.,* 108 Ore. 375, 217 Pac. 833; *State v. City of Sioux Falls,* supra; *Orange State Oil Co. v. Amos,* 100 Fla. 884, 130 So. 707; *The People v. Deep Rock Oil Corp.,* 343 Ill. 388, 175 N. E. 572.

See, also, *Gregg Dyeing Co. v. Query et al.,* 166 S. C. 117 (*City of Greensville et al. v. Query et al.,* 166 S. C. 281, 164 S. E. 844), affirmed by the United States supreme court, 286 U. S. 472, 76 L. Ed. 1232.

Under these authorities we are forced to conclude that section 1 of article 11 of our constitution has no application to the motor-vehicle fuel tax.

The question whether the cash-basis law (Laws 1933, ch. 319) has any application in this case was raised early in the trial court, where it was held it did not apply, and is not specially pressed here. The fact that the fuel for which the tax is sought to be recovered was received by the county before May, 1933, and the stipulated facts do not show the cash-basis law was complied with, causes us to notice it. In this connection it is sufficient to say that the statute last cited referred to indebtedness of cities, counties, and other subdivisions of the state, but specifically omitted any reference to the indebtedness or financial affairs of the state itself. We therefore conclude that it has no application to the facts presented by this record.

The judgment of the court below is affirmed.