STATE OF IOWA et al., Appellees, v. CITY OF DES MOINES et al., Appellants.

No. 43016.

March 17, 1936.

F. T. Van Liew, City Solicitor, and C. A. Weaver, Assistant City Solicitor, for appellants.

Edward L. O'Connor, Attorney General, and Clair E. Hamilton, Assistant Attorney General, for appellees.

HAMILTON, J.— In this case the state of Iowa and state treasurer seek to enjoin the city of Des Moines and certain officials of said city from receiving in this state from outside the state "motor vehicle fuel" for use or resale within the state, without having first obtained a distributor's license as required by chapter 56, Acts of the Forty-fifth General Assembly, Extra Session, and ask for an accounting as to the quantity of motor vehicle fuel so received and to determine the amount of license fees or excise tax owing to the state of Iowa on such receipts, and to compel payment thereof to the state treasurer as pro-

vided by said act. The cause was submitted to the trial court on a motion to dismiss plaintiff's petition, which motion was overruled, and, defendants not desiring to plead further, a decree was granted as prayed. All material fact allegations properly pleaded in said petition are admitted by the filing of the motion to dismiss. The only contention of appellants that can be, under the weight of authority, seriously urged, is that by the definitive sections of the act municipalities are not included within the purview of the act, and hence the city of Des Moines is not subject to its provisions.

In defining terms as applied to any given act, the legislature is its own lexicographer.

At the outset we are met with the well-established rule of construction that statutes should be construed so as to give force and effect to the manifest legislative intent as embodied therein. Seavert v. Cooper, 187 Iowa 1109, 1113, 175 N. W. 19. This legislative intent should and will be determined from a consideration of the entire statute relating to the same subject-matter. Howard v. Emmet County, 140 Iowa 527, 532, 118 N. W. 882.

In the title of the act in question (chapter 56, Acts 45th G. A., Extra Session) it is declared to be "an act to amend, revise and codify chapter two hundred fifty--one--A one (251-A1), Code, 1931, and chapters seventy-five (75) and eighty-six (86) of the acts of the Forty-fifth General Assembly relating to the collection of license fees on *all motor vehicle fuel used* or otherwise disposed of in the state of Iowa; to define motor vehicle fuel; to impose a license fee of three cents per gallon or fraction of a gallon on *all motor vehicle fuel sold or used in the State of Iowa*," etc.

By section 1 the legislature attempts to define the purpose of the act, and it reads:

"It is the *intent and purpose* of this act * * * to continue the policy of collecting for *highway purposes an excise tax or license fee* on *all* motor vehicle fuel used to propel motor vehicles on the highways of this state, and to provide such regulations as will *prevent the evasion* * * * *thereof and to that end* to collect the license fee on *all motor vehicle fuel* in the state and from the *first person* receiving the same in this state *for sale or use in this state* and to require such person, and all subsequent

sellers to collect such license fee from purchasers to whom the same is sold for use or resale in this state so that said license fees shall be ultimately paid by the person using said motor vehicle fuel in this state and to *refund to such user* such license fees so paid by him on all motor vehicle fuel *not* used in connection with the operation of motor vehicles *on the public highway.*

"Sec. 2. Definition of terms. The following words, terms and phrases, for the purpose of this act, are defined as follows:

"a. The term 'distributor' shall mean *any person* who receives from outside the state * * * any motor vehicle fuel to be *used* within the state or sold or otherwise disposed of within the state for use in the state. * * *

"b. The term 'person' shall mean any individual, firm, partnership, joint stock company, association, trust, estate, joint adventure, and/or corporation. * * *

"i. The term 'highway' shall mean any way or place of whatever nature open to the use of the public as a matter of right for the purpose of vehicular travel. * * *

"Sec. 3. Tax imposed. A license fee of three (3) cents per gallon or a fraction of a gallon is hereby imposed on the *sale or use* of *all* motor vehicle fuel *sold or used* in this state *for any purpose whatsoever,* except [here follow the only exceptions from the tax contained in the act and they are (1) exports of such motor vehicle fuel from the state, and (2) motor vehicle fuel sold to the United States or any of its instrumentalities or agencies]; provided, however, that no license fee shall be imposed on the motor vehicle fuel brought into this state in the ordinary fuel tanks attached to and forming a part of a motor vehicle operating upon the highways where such amount does not exceed twenty gallons in the ordinary automobile and fifty gallons in busses and trucks. * * *

"Sec. 4. [Provides for the passing on of the tax to the ultimate consumer.]

"Sec. 5. Licensing of distributors. It shall be unlawful for any person to engage in business as a distributor in this state without first having procured a distributor's license as provided in this act. * * * A fee of one dollar shall be collected by the treasurer from each person to whom a distributor's license is issued.

"Sec. 6. Application for distributor's license. Every per-

son desiring to engage in business as a distributor shall file a duly verified application with the treasurer * * * . If such applicant is a firm or co-partnership, the application shall also contain the names and addresses of the several persons constituting the same and if a corporation or municipal subdivision, the correct name under which it is authorized to transact business, the name of its principal officers, resident agent or managing agent and attorney in fact. * * *

"Sec. 7. Security required of distributor before license issued. Each applicant for a distributor's license, *except agencies of the state and municipal corporations in the state or other governmental subdivisions of the state* shall, before the license is issued to him, file with the treasurer of state a bond" etc.

Section 29 provides for a refund of the tax on any motor vehicle fuel used for any specified purpose other than propelling vehicles on the highway, and the term used in section 29 is *"any person* who shall use any motor vehicle fuel" etc. (The above italics are supplied by us.)

■■■ The foregoing sets out sufficient of the provisions of the act necessary to a proper understanding and discussion of the question involved, namely, Did the legislature intend to include municipalities within the provisions of this act? In seeking to find the intent of the legislature, common sense and reason should prompt us to look for the object and purpose which the legislature had in mind and not to depend on dogmatic terms of expression. Indeed, the legislature itself has provided by. statute, chapter 4, section 63, Code, under rules of construction that "in the construction of the statutes, the following rules shall be observed, *unless* such construction would be inconsistent with the *manifest intent of the general assembly, or repugnant to the context of the statute,"* thus emphasizing the fact that the intent of the general assembly is to override, if necessary, even the terms therein defined which are to govern ordinarily in the construction of statutes.

Having ascertained from a consideration of the entire act and historical background revealed by prior statutes on the same subject the object and purpose which the law was intended to accomplish, it is the duty of the court to give it force and effect, if this can be done without running counter to established legal precedents. With the matter of the expediency of the measure we as a court are not concerned.

■■■ It appears from the title of this act that the enforcing officers under prior statutes on this subject had been faced with evasions of the law. How this came about does not appear in the record. A comparison of the present law with prior statutes on the same subject reveals a very much more .comprehensive plan than that contained in the provisions of former acts relating to this subject. A careful study of the present law discloses the fact that every gallon of motor vehicle fuel received into this state from out the state or produced within the state must be accounted for in the reports required, and is so exhaustive in its provisions that an accountant would be able, from all these reports, to check up and account for the entire output, less shrinkage, within the state, which manifests a plain intent and purpose to include every first receiver of such fuel, whether for use or sale, including the state of Iowa itself, and all governmental subdivisions of the state, as well as all municipalities, within the scope or purview of this act, for in no other way could this comprehensive plan to prevent evasion of the tax be made effective. The rule of construction so often quoted and urged by appellant, from the eminent jurist, Judge Story, as set forth in the case of United States v. Hoar, Fed. Cas. No. 15,373, 2 Mason, 311, wherein he says:

"Where the government is not expressly or by necessary implication included, it ought to be clear, from the nature of the mischiefs to be redressed, or the language used, that the government itself was in contemplation of the legislature, before a court of law would be authorized to put such an interpretation upon any statute. In general, acts of the legislature are meant to regulate and direct the acts and rights of citizens; and in most cases the reasoning applicable to them applies with very different, and often contrary, force to the government itself. It appears to me, therefore, to be a safe rule, founded in the principles of the common law, that the general words of a statute ought not to include the government, or affect its rights, unless that construction be clear and indisputable upon the text of the act."

is in no sense violated by the. construction contended for by appellees and adopted by the trial court, for it is "clear from the nature of the mischiefs to be redressed," and "the language used," that municipalities were intended to be included within this statute. What is the language used? *"All* motor vehicle

fuel." This means every gallon or fraction of a gallon, and the law exempts no one except the United States government and its instrumentalities, and this exception is only a conditional one. The maxim "expressio unius est exclusio alterius" is applicable; that is, the specific, express inclusion of one of a class of users of motor vehicle fuel within the exception from the tax lends weight to the conclusion that the legislature intended to include within the exception none other, but intended to exclude from the exception all others. The fact that the legislature intended to include municipalities is emphasized further in section 7, relating to the applicants for distributor's license, wherein it is stated that each applicant for distributor's license, *except agencies of the state and municipal corporations in the state or other governmental subdivisions of the state* shall "file with the treasurer of state a bond" etc.

 We are not impressed with appellants' argument that the city, being only a user of such fuel and not engaged in business or wishing to engage in business of selling or dispensing to others such fuel, cannot, under fair or reasonable construction of the act, be classified as a "distributor". As said before, the legislature is not bound to follow the dictionary definition of terms. An ass may be declared to be a horse, or vice versa. And in the definitive provisions of this act a "distributor" is declared to mean a person *"who receives* from outside the state or who produces, refines, manufactures, compounds, or blends within the state *any motor vehicle fuel to be used* within the state or sold or otherwise disposed of within the state." The admitted facts bring the appellants within this definition of a "distributor". Crockett v. Salt Lake County, 72 Utah 337, 270 P. 142, 60 A. L. R. 867, 878.

The case of Leckliter v. City of Des Moines, 211 Iowa 251, 233 N. W. 58, relied upon by appellants, was a personal injury case growing out of a collision between the plaintiff's car and a police patrol car, operated by one Crawford, a policeman, while engaged in a governmental function, and fell within the rule that in such cases there is no liability resulting from negligent acts of officers or agents of the city unless the liability is definitely fixed by statute. This rule is based upon the theory that the duty involved the exercise of a governmental power for the exclusive benefit of the public, and a sovereign act of government cannot be submitted to the judgment of the courts, and it

was held in this case that the accident grew out of the exercise of a governmental function by the city, and therefore the city was not liable. There is no parallel between the facts in this case and the case at bar. Furthermore, there is nothing in this record to indicate as to whether the city was using the motor vehicle fuel in the exercise of a governmental function or in the performance of a corporate duty or some civic enterprise.

Another case relied upon by appellant is Julander & Julander v. Reynolds, 206 Iowa 1115, 221 N. W. 807, to the effect that the word "person" does not include a municipality unless the statute expressly so provides. This case involved the question of the right to garnish a city. The statute under consideration provides in such actions *persons* indebted, etc., may be made defendants, and Justice Albert, in discussing this statute (section 11815, Code), said that a proceeding under this section of the code has been designated "an equitable garnishment," and involved the question of public policy of the state. It is pointed out by the writer of the opinion that we have a statute in this state (section 12159, Code) which specifically declares that "a municipal or political corporation shall not be garnished." And the court in construing section 11815 in connection with section 63, subd. 13, chapter 4, of the Code on rules of construction, which says: "The word 'person' may be extended to bodies corporate," held that, in view of the express statutory policy in this state that a municipal corporation is not subject to be garnished, the word "person" as used in section 11815, Code 1927, in the absence of a specific provision to that effect, should not be construed to include municipalities or government subdivisions; the government subdivision in the Julander case being a school district. Manifestly, this case is not controlling here. We have no state policy, statutory or otherwise, applicable to the matter of license fees or excise tax on the sale or use of motor vehicle fuel as regards municipalities, which precludes application of the rule of construction contained in section 63 of the Code, to the effect that a "person" may be extended to include bodies corporate. Surely, in a sense, all corporations are persons, that is, artificial persons, and all municipalities are bodies corporate, and in a proper case the word "person" has been held to not only include municipalities but every and any political subdivision, and also the state, and in some cases even the United States government. Stanley v. Schwalby, 147 U. S. 508, 517, 13

S. Ct. 418, 37 L. Ed. 259, 263. See, also, 48 C. J. 1137, where many cases are collated bearing on the question.

In a recent case, State of Ohio v. Helvering, 292 U. S. 360, 54 S. Ct. 725, 727, 78 L. Ed. 1307, the Supreme Court of the United States said:

"Whether the word 'person' or 'corporation' includes a state or the United States depends upon the connection in which the word is found." See, also, City of Lincoln v. Ricketts, 56 S. Ct. 507, 80 L. Ed. 550, decided March 2, 1936.

■■■ Appellants call attention to section 63, subd. 10, of the Code, which defines the word "property" as including personal and real property, and also to section 6944, subd. 2, of the Code, which provides:

"The property of a county, township, city, town, school district, or military company, when devoted to public use and not held for pecuniary profit," shall be exempt from taxation.

These provisions of the law have no application, for the simple reason that the license fee or tax imposed upon users of motor vehicle fuel is not a tax on property but an excise tax, so say all the authorities. See City of Portland v. Kozer, 108 Or. 375, 217 P. 833, 835; Crockett v. Salt Lake County, 72 Utah 337, 270 P. 142, 60 A. L. R. 867; Independent School District v. Pfost, 51 Idaho 240, 4 P. (2d) 893, 84 A. L. R. 820; City of Ardmore v. State ex rel. Oklahoma Tax Comm., 168 Okl. 316, 32 P. (2d) 728; Monamotor Company v. Johnson, 292 U. S. 86, 54 S. Ct. 575, 78 L. Ed. 1141; State ex rel. Beck v. Board of County Commissioners, 142 Kan. 624, 51 P. (2d) 33.

In the case of City of Portland v. Kozer, supra, the court said:

"There is no constitutional limitation upon the right of the legislature to enact a law requiring a tax on a privilege for revenue purposes. What property shall be taxed and what shall be exempt except as restricted by the Constitution, is a question that rests with the legislature: 1 Cooley on Taxation (3d Ed.) p. 9. * * * Exemptions from taxation are not favored and cannot be based upon implication. Taxation is the rule, and exemption must be provided for in clear and definite terms. Northwest Auto Co. v. Hurlburt, 104 Or. 398, 207 P. 161, 165; Still-

man v. Lynch, 56 Utah 540, 192 P. 272, 275, 12 A. L. R. 552, 556.

"Exemption from property tax does not include exemption from excise tax: 1 Cooley on Taxation (3d Ed.) p. 357. The rule that property of the state is exempt from taxation does not apply to privilege taxes: Matter of Merriam's Estate, 141 N. Y. 479, 484, 36 N. E. 505; United States v. Perkins, 163 U. S. 625, 16 S. Ct. 1073, 41 L. Ed. 287, 288, 289."

See, also, City of West Palm Beach v. Amos, 100 Fla. 891, 130 So. 710. The case of O'Berry v. Mecklenburg County, 198 N. C. 357, 151 S. E. 880, 67 A. L. R. 1304, relied upon by appellants, is not in line with the weight of authority.

Counsel for appellants also call attention to the general rule that "generally it has been held that the word 'corporation' does not include a municipal corporation," and cite among other numerous authorities the case of Sherman County v. Simonds, 109 U. S. 735, 740, 3 S. Ct. 502, 27 L. Ed. 1093. This same United States court in a more recent case of State of Ohio v. Helvering, supra, said:

"We find no merit in the further contention that a state is not embraced within the meaning of the word 'person', as used in U. S. C. title 26, section 205 [see 26 U. S. C. A. sections 1394, 1396, 1398] and defined in section 11, supra [see 26 U. S. C. A. section 1696]. By section 205 the tax is levied upon every 'person who sells, etc.'; and by section 11 the word 'person' is to be construed as meaning and including a partnership, association, company or corporation, as well as a natural person. Whether the word 'person' or 'corporation' includes a state or the United States depends upon the connection in which the word is found."

General rules of construction or the provisions of statutes of general application, resorted to by appellants to aid in a construction of a specific statute having a declared, specific, and designated purpose, should not be permitted to destroy or overthrow the very purpose the specific statute was enacted to accomplish. The motor vehicle fuel tax is not a general tax for general purposes, but an excise tax in the nature of a privilege tax, exacted of all users of motor vehicle fuel to propel vehicles upon the highways of this state, for a specific purpose, that of

building and maintaining public highways within the state, and should be construed in a way and manner to accomplish the ends which the Legislature intended should be attained.

The trial court was right in overruling defendant's motion, and the cause is affirmed.—Affirmed.

DONEGAN, C. J., and ANDERSON, STIGER, KINTZINGER, PARSONS, and ALBERT, JJ., concur.