STATE OF IOWA et al., Appellants, v. WOODBURY COUNTY et al., Appellees.

No. 43607.

OCTOBER 27, 1936.

Edward L. O'Connor, Attorney General, and Clair E. Hamilton, for appellants.

M. E. Rawlings, County Attorney, Franklin E. Gill, Asst. County Attorney, and F. E. Gill, for appellees.

ALBERT, J.—This case was tried on a stipulation, and the amount due the state, if it is entitled to recover herein, is stipulated as $4,235.25; and the penalty, if one is to attach, as $423.48.

The facts stipulated are that the defendant Woodbury county, between the dates of April 1, 1934, and February 25, 1936 (the date on which the stipulation was made), purchased from outside the state of Iowa and received within the state motor fuel, as that term is defined in Chapter 56 of the Acts of the Forty-fifth General Assembly, Extra Session; that said motor fuel was shipped from refineries located outside the state of Iowa, by railway tank cars into Woodbury county, billed to the said county and delivered to the said county at the town of Moville therein; that said motor vehicle fuel was purchased for and used by the defendant county in the construction and maintenance of its highways within its borders, and was purchased solely for and actually used in its trucks and power maintainers in said construction and maintenance work. It was further stipulated that neither the county nor its officers applied to the treasurer of state for a distributor's license under the provisions of the aforesaid act, and that neither the defendant county nor its officers have reported the amount of motor vehicle fuel purchased by or on behalf of the defendant county under the provisions of said chapter, and that neither the defendant county nor its officers have paid to the treasurer of state any of the motor vehicle fuel license fees as provided by statute.

Since the trial of this case in the district court, two opinions of this court have been filed which practically control the dis-

position to be made of this case, to wit, Scott v. State Board of Assessment and Review, 221 Iowa 1060, 267 N. W. 111, and State v. City of Des Moines, 221 Iowa 642, 266 N. W. 41. These opinions dispose of most, if not all, of the questions raised on the appeal in the case at bar.

**** The first question raised is as to the constitutionality of the aforesaid Chapter 56 of the Acts of the Forty-fifth General Assembly, Extra Session. The fact situation with reference to the passage of this bill, without going into detail, is that the bill originated in the House, where, after passing through the necessary steps, it was duly passed and adopted. It was then messaged to the Senate, where certain amendments were made, after which it was duly and legally passed by the Senate. It was then messaged back to the House, where the senate amendments were considered and, by the necessary majority, were concurred in by the House; and in due time the Senate was informed of the concurrence by the House in the Senate amendments. It was then duly enrolled, properly signed by the speaker of the House and the President of the Senate, was approved by the Governor, and published and lodged in the office of the Secretary of State. All proceedings in both the House and the Senate were properly recorded in their respective journals.

The appellees' assertion is that the record does not show a compliance with section 17 of Article III of the State Constitution. We so recently considered this question in the case of Scott v. State Board of Assessment and Review, 221 Iowa 1060, 267 N. W. 111, that it hardly demands further attention in this case. Suffice it to say that, under the principles and rules laid down in the Scott case, this will was properly passed in compliance with all the requirements of said section of the Constitution.

Appellees, however, insist that there is a conflict between the decision in the Scott case and the case of Smith v. Thompson, 219 Iowa 888, 258 N. W. 190. We are unable to see where this conflict arises. The Smith case, among other things, decides two propositions. The first was that in the investigation of the question of the constitutionality of a statute the court has a right to consider a fact extrinsic of the record to determine whether or not a bill was constitutionally passed. Second, in the Smith case one of the crucial points on which the opinion was turned arose as follows: Three separate bills were duly passed in the House, each bearing a House number. They were duly messaged to the

Senate and were there referred to a committee. That committee later wrote a new bill, designated as S. F. 479, which, after being considered, was in due time passed by the Senate and later messaged back to the House, which refused to pass S. F. 479. A conference committee was appointed, which made two reports, only one of which was set out in the record, and the latter of which recommended that the House recede in its amendments to S. F. 479 as passed by the Senate and that the bill be amended in accordance with the first conference committee report as filed by the conference committee, and on the aye and nay vote the conference committee's report was adopted. The real decisive point in the case was that the bill known as S. F. 479, as it came from the Senate to the House was never voted on by the House. Briefly stated, S. F. 479 originated in and was passed by the Senate, and the holding of the opinion is that the adoption of the conference committee's report alone was not a sufficient compliance with the constitutional provisions because the House at no time voted on the bill known as S. F. 479. With this explanation there should be no misapprehension as to what the Smith case holds.

██ The next question raised is that the aforesaid Chapter 56 of the Acts of the Forty-fifth General Assembly, Extra Session, does not apply to counties in the purchase or use of gasoline for operating their power maintainers and trucks in the construction and maintenance of their roads and highways. There is not much raised in this discussion that is not disposed of in the aforesaid opinion of this court, State v. City of Des Moines, 221 Iowa 642, 266 N. W. 41. It is sought to avoid the last-named decision by claiming that the county used this motor vehicle fuel only in the construction and maintenance of its roads and highways. Aside from the Des Moines case, this question has been discussed by many courts, and the almost universal holding has been that, unless the county or city is especially exempted from the operation of the law, the fact that it may have used the gasoline as did this county, although it may have been used for governmental purposes, does not excuse it from paying the tax. See, not only our case of State v. City of Des Moines, supra, and cases therein cited, but the following cases: State v. Cheyenne County, 127 Neb. 619, 256 N. W. 67; State v. Board of County Commissioners, 142 Kan. 624, 51 Pac. (2d) 33; Independent School District v. Pfost, 51 Idaho 240, 4 Pac. (2d) 893, 84 A. L.

492

R. 820; Crockett v. Salt Lake County, 72 Utah 337, 270 Pac. 142, 60 A. L. R. 867; City of West Palm Beach v. Amos, 100 Fla. 891, 130 So. 710; State v. City of Monroe, 177 La. 983, 149 So. 541; City of Greenville v. Query, 166 S. C. 281, 164 S. E. 844; State v. City of Sioux Falls, 60 S. D. 330, 244 N. W. 365; City of Portland v. Kozer, 108 Or. 375, 217 Pac. 833; City of Ardmore v. State of Oklahoma Tax Comm., 168 Okl. 316, 32 Pac. (2d) 728; People v. Deep Rock Oil Corp., 343 Ill. 388, 175 N. E. 572.

It is true that North Carolina, Colorado, South Dakota, and California, under their particular statutes, have held otherwise; but our case of State v. City of Des Moines, supra, and the great weight of authority, adopt the contrary rule. We are the more readily led to this conclusion by the wording of section 2, subdivision j, of said act, defining a motor vehicle as "any mechanical contrivance propelled on the highways * * * including those contrivances used * * * for the purpose of constructing or repairing said highway."

It is our conclusion, therefore, that under our own holdings the plaintiffs were entitled to recover herein in the amount stipulated as above set out. As to the penalty, we think, under the circumstances of this case, that the conduct of the county was in good faith and that it ought not to be penalized for having defended this action to have the statute construed.

The case may be remanded for a decree in accordance with this holding, or, at the election of the state, decree may be entered herein accordingly.—Reversed.

PARSONS, C. J., and HAMILTON, RICHARDS, DONEGAN, STIGER, and KINTZINGER, JJ., concur.