[Civil No. 4016. Filed December 12, 1938.]

[85 Pac. (2d) 56.]

CITY OF PHOENIX, a Municipal Corporation, Appellant, v. STATE OF ARIZONA ex Rel. JOE CONWAY, Attorney General, Appellee.

Mr. I. A. Jennings, City Attorney, and Mr. Hess Seaman, Assistant City Attorney, for the Appellant.

Mr. Joe Conway, Attorney General, and Mr. W. E. Polley, Assistant Attorney General, for the Appellee.

ROSS, J.—This action involves the right of the state to impose and collect a sales tax on water furnished by the City of Phoenix to its patrons and customers. The action was brought on the relation of the attorney general to settle a controversy between the State Tax Commission, whose duty it is to collect sales taxes, and the city authorities as to whether the latter is subject to the tax, and therefore seeks to secure a declaratory judgment construing ''The Excise Revenue Act of 1935'' (Chapter 77, as amended by Chapter 2, First Special Session, Laws of 1937). The trial court upheld the state's right to impose and collect the tax, and the city has appealed.

No claim is made that the city is not within the language of the statute designating those who are liable for the tax, but it is insisted that certain provisions of

the Constitution make the imposition of the tax on municipalities beyond the power of the legislature. Those provisions are section 34, article 2, and section 5, article 13, and read:

"Section 34. The State of Arizona and each municipal corporation within the State of Arizona shall have the right to engage in industrial pursuits."

"Section 5. Every municipal corporation within this State shall have the right to engage in any business or enterprise which may be engaged in by a person, firm, or corporation by virtue of a franchise from said municipal corporation."

 There is nothing in these sections of the Constitution indicating an intention to exempt municipalities that engage in an industrial pursuit, business, or enterprise from paying a tax on their products, or income, or service. It would seem that when municipalities become competitors with private enterprise they should be treated no better than others operating in the same field. The general rule is that municipalities are subject to the same liabilities as private corporations, or individuals, except when they are exercising purely governmental functions. *Sumid* v. *City of Prescott*, 27 Ariz. 111, 230 Pac. 1103; *City of Tuscon* v. *Sims*, 39 Ariz. 168, 4 Pac. (2d) 673.

 Chapter 77 and amendment require a taxpayer to obtain a license before commencing business (section 11), and it is objected that such a restriction cannot be made to apply to municipalities. The purpose of requiring this license is that the tax commission may know who are in business and should pay the tax. *Giragi* v. *Moore*, 49 Ariz. 74, 64 Pac. (2d) 819, 110 A. L. R. 320. The penalty prescribed (in section 11) for a failure to pay the tax (imprisonment) is not essential to its validity. Neither chapter 77 as amended nor the criminal laws of the state provide for the incarceration of the officers of a municipality

for failure to pay the license or the tax. *State* v. *Boise City,* 57 Idaho 507, 66 Pac. (2d) 1016; *State* v. *Board of County Commrs. of Barton County,* 142 Kan. 624, 51 Pac. (2d) 33. We see no reason for a municipality's civil liability being different from others.

The law does not require the city to pay a tax on water furnished itself in the discharge of its governmental functions, such as affording fire and health protection and sanitation, but only when it is furnishing its patrons water for commercial or domestic use. Section 12, article 9 of the Constitution empowers the legislature ''to provide for the levy and collection of license . . . gross revenue, excise, income . . . taxes . . . or other specific taxes'' and this applies to municipalities engaged in a business or enterprise the same as to a private person so engaged.

There are many courts holding that sales tax laws are applicable to sales of gasoline by cities and counties and that such municipalities should pay the tax the same as other dealers in that commodity. Some of these cases are: *State* v. *Boise City, supra; Orange State Oil Co.* v. *Amos,* 100 Fla. 884, 130 So. 707; *City of Covington* v. *State Tax Com.,* 257 Ky. 84, 77 S. W. (2d) 386; *People* v. *Deep Rock Oil Corp.,* 343 Ill. 388, 175 N. E. 572; *City of Ardmore* v. *State ex rel. Oklahoma Tax Com.,* 168 Okl. 316, 32 Pac. (2d) 728; *State* v. *Board of County Commrs. of Barton County, supra; People* v. *City and County of Denver,* 84 Colo. 576, 272 Pac. 629; *Crockett* v. *Salt Lake County,* 72 Utah 337, 270 Pac. 142, 60 A. L. R. 867; *City of Portland* v. *Kozer,* 108 Or. 375, 217 Pac. 833; *State* v. *City of Monroe,* 177 La. 983, 149 So. 541; *City of Fort Smith* v. *Watson,* 187 Ark. 830, 62 S. W. (2d) 965; *City of Jackson* v. *State,* 156 Miss. 306, 126 So. 2; *City of Greenville* v. *Query,* 166 S. C. 281, 164 S. E. 844; affirmed 286 U. S. 472, 52 Sup. Ct. 631, 76 L. Ed. 1232, 84 A. L. R. 831; *State* v.

*Woodbury County,* 222 Iowa 488, 269 N. W. 449; *State*
v. *Cheyenne County,* 127 Neb. 619, 256 N. W. 67; *State*
v. *City of Sioux Falls,* 60 S. D. 330, 244 N. W. 365; *City
of Birmingham* v. *State,* 233 Ala. 138, 170 So. 64.

 The sales tax is an excise and not a prop-
erty tax (*White* v. *Moore,* 46 Ariz. 48, 46 Pac. (2d)
1077), and its imposition is not prohibited by section
2, article 9, providing: "That there shall be exempt
from taxation all Federal, State, county and munici-
pal property." *Stults Eagle Drug Co.* v. *State Tax
Com.,* 48 Ariz. 467, 62 Pac. (2d) 1126. The tax re-
ferred to in this constitutional provision is a property
tax and not an excise tax.

 It is argued that the court will take judicial
notice that the water supply of the City of Phoenix is
appropriated water from the underflow of the Verde
River and therefore not subject to ownership or sale
by the city. It is a recognized principle that public
water, or water subject to appropriation under our
laws, does not belong to the appropriator in the sense
that he may do with it what he pleases or what the
owner of property may generally do. But it is also
recognized that the *use* of such water is subject to
ownership and sale. *Brewster* v. *Salt River Valley
Water Users' Assn.,* 27 Ariz. 23, 229 Pac. 929. If the
city cannot dispose of the water by furnishing it to its
patrons or consumers, then it cannot make the appro-
priation for that is the major reason for the appro-
priation. Its appropriation is valid and it can cer-
tainly sell its use for all or any purposes to which it
may lawfully be put.

 It is next argued that it is an unconstitutional
classification to require municipalities to pay a sales
tax and not to require irrigation districts, which are
*quasi*-public corporations, to pay a tax upon water

furnished its consumers. We said in *White* v. *Moore,* *supra:*

"It must be kept in mind that a privilege tax is not a tax on property but a tax on the right to engage in business and that the Legislature may impose it on any class or classes of business it cares to and decline to apply it to others, its only limitation in this respect being that the classification it makes must be reasonable, not arbitrary or discriminatory, and such that all those falling within the same class will be treated alike."

It is apparent there is quite a difference between a municipality operating a water system for its patrons and customers and an irrigation district organized to furnish irrigation water to farmers to cultivate and grow food for man and animal, and we cannot say that the legislative classification is arbitrary or unreasonable, or not founded upon a substantial difference in the two kinds of corporations and their business.

We are of the opinion that the law requiring the City of Phoenix to pay the sales tax is valid, and that the judgment of the lower court should be affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.