[Civil No. 4454.   Filed December 1, 1941.]

[119 Pac. (2d) 239.]

TOWN OF SOMERTON, a Municipal Corporation, Petitioner, v. THAD MOORE, D. C. O'NEIL and WARREN PETERSON, as Members of the State Tax Commission of Arizona, Respondents.

Mr. Ray C. Bennett, for Town of Somerton and Mr. George D. Locke, Special Assistant Town Attorney, for Petitioner.

Mr. Joe Conway, Attorney General, and Mr. W. E. Polley, Assistant Attorney General, for Respondents.

ROSS, J.—The Town of Somerton is a municipal corporation and owns and operates its own waterworks system.  During the summer of 1941 the State Tax Commission audited its books, records and accounts, as it is authorized to do under the statute (section 73–1316, Arizona Code 1939) and, upon the information

obtained therefrom and after a hearing, on August 12, 1941, made an additional assessment against the town on its gross income from sale of water in the sum of $403.55, for the period from May 1, 1935, to December 31, 1940, claiming the right to do so under the excise revenue act. Sections 73–1301 to 73–1334, Arizona Code 1939.

The town sued out this writ of *certiorari,* and the return thereto shows that the ground upon which the additional assessment is resisted is that the water system is not self-sustaining and that the cost of operating it is more than the income therefrom.

In *City of Phoenix* v. *State,* 53 Ariz. 28, 85 Pac. (2d) 56, the question was whether the city should pay a tax on the income of its water sales and we there held that the city was engaged in a business or enterprise in the operation of its waterworks system and, except when exercising purely governmental functions, was subject to the same liability for taxes as a private corporation or an individual. This, we think, is decisive. Under the excise revenue act, the liability to pay the sales tax is not dependent upon a profitable or successful business or enterprise. If it were, many taxpayers doubtless would escape the tax. It reaches all taxpayers, whether they make a profit or not in their business.

The case of *City of Phoenix* v. *Moore,* 57 Ariz. 350, 113 Pac. (2d) 935, relied upon by petitioner, is not in point. There we held that swimming pools and golf courses were integral parts of the city's parks, playground and recreation areas, were installed and operated without any object of gain or profit, and that fees collected for the use thereof were not for profit but for the upkeep and maintenance thereof. There is no showing in this case that the waterworks system of petitioner was not installed for profit or gain, the only showing being that it has not paid a profit.

We are satisfied the tax commission had authority and jurisdiction to make the assessment, and its action is affirmed.

LOCKWOOD, C. J., and McALISTER, J., concur.