STANDARD OIL COMPANY, Appellant, v. J. M. LEE, as State Comptroller, DUVAL ENGINEERING & CONTRACTING COMPANY, the GEORGE D. AUCHTER COMPANY, and BATSON-COOK COMPANY, Corporations, Appellees.

199 So. 325
En Banc
Opinion Filed December 20, 1940

*L'Engle, Shands, McCarthy & Lane,* for Appellant;

*George Couper Gibbs,* Attorney General, *Tyrus A. Norwood* and *Lawrence A. Truett,* Assistant Attorney General, for Appellees.

TERRELL, C. J.—Appellees, other than J. M. Lee, entered into contract with the Federal government to construct the Naval Air Station at Jacksonville on a cost-plus basis. Appellees also made an agreement with appellant whereby the latter was to furnish them the necessary gasoline to perform their contract and receive payment therefor from the contractors.

This suit was brought by appellant as complainant seeking to enjoin the Comptroller from exacting the tax on the gasoline delivered under said contract as imposed by Chapter 15659, Acts of 1931, as amended by Chapter 19318, Acts of 1939. A motion to dismiss the bill of complaint was granted and this appeal was prosecuted.

The question to be answered is whether or not sales of gasoline to the contractors for use in the construction of the Naval Air Station at Jacksonville, a large Federal project, are exempt from the State tax imposed on such commodities by Chapter 15659, Acts of 1931, as amended by Chapter 19318, Acts of 1939.

Appellant contends that this question should be answered in the affirmative and relies on Panhandle Oil Company v. Mississippi *ex rel.* Knox, 277 U. S. 218, 48 Sup. Ct. 451, 72 L. Ed. 857; Graves v. Texas Company, 298 U. S. 393,

45 Sup. Ct. 818, 80 L. Ed. 1236; James v. Dravo Con-
tracting Company, 302 U. S. 134, 58 Sup. Ct. 208, 82 L.
Ed. 155, 114 A. L. R. 318, and like cases to support its
contention. The theory of these cases is that sales of gaso-
line to the United States or any of its agencies exercising
governmental functions are exempt from all State and local
sale and excise taxes.

Appellant also contends that the sales of gasoline brought
in question are in effect sales to the United States because
the latter agreed to pay the "net cost" of all material and
labor furnished by the contractor and because it was agreed
that the contractors should be reimbursed for all out-of-
pocket expenditures made by them on account of the contract
and for other reasons apparent on the face of the contract.

Appellees contend on the other hand that the judgment
appealed from should be affirmed because the tax resisted
is an excise tax exacted by the State for the privilege of
selling or purchasing gasoline, that appellees are independent
contractors, that the United States does not sell, purchase,
or consume the gasoline to be used by the contractors and
that the tax cannot be construed as one laid on the United
States or any agency thereof performing governmental
functions. They rely on the following cases to support their
contention: Trinityfarm Construction Company v. Grosjean,
291 U. S. 466, 54 Sup. Ct. 469, 78 L. Ed. 918; Silas Mason
Co., Inc., et al., v. Henneford, et al., 15 Fed. Supp. 958;
James v. Dravo Contracting Company 302 U. S. 134, 58
Sup. Ct. 208, 82 L. Ed. 155, 114 A. L. R. 318; Graves v.
New York ex rel. O'Keefe, 306 U. S. 466, 59 Sup Ct. 595,
83 L. Ed. 927, 120 A. L. R. 1466.

In Panhandle Oil Company v. Mississippi, and other
cases relied on by appellant, the tax resisted was a State
excise tax similar in many respects to the tax in this case.
It was held invalid because it amounted to an exaction

against the Federal government contrary to the Constitution of the United States which State and local governments could not impose.

In the cases relied on by appellees and cited above, the tax was upheld on the theory that the sale was to a private independent contractor with the Federal government and being such for gain could not claim immunity from taxation for materials or labor furnished to the United States. And this is true whether the tax is on the gross or net receipts from the contract. The conditions named in the contract might in cases change this situation.

It is admitted that appellees are independent contractors with the Federal government and that the contract binds the latter to pay all State or local taxes imposed by law on the contractor. The United States government does not sell or buy the gasoline and is not a party to this litigation. If the gasoline sold under the contract is not exempt from the tax, appellant will be forced to collect it from the contractor who in turn will be reimbursed by the United States. In view of the agreement by the United States to pay the tax as the contract provides, appellees urge that the United States took the position that it was ruled by the cases relied on by them.

The test of validity of the tax in these cases is not whether it is laid directly on the United States or one of its governmental agencies but whether or not in the way laid, it directly retards, impedes, or burdens the United States in the exercise of its constitutional powers. It cannot be questioned that the tax here falls ultimately on the Federal government. The contractors are agencies of the latter, executing a contract for profit; they do not perform any governmental function. The burden on the Federal government is consequential and remote. It increases the cost

to the government but when accomplished in this manner, the Federal cases appear to sanction the contract.

In its final analysis, the question here is whether the contract brings appellees within the rule stated in the cases relied on by appellant or that stated in the cases relied on by them (appellees). We have examined all the cases cited and while the distinction is sometimes not clear, we reached the conclusion that the case at bar is ruled by the cases relied on by appellees. In its contract with appellees the Federal government agreed to pay the tax and it is not here protested, so the judgment is affirmed.

Affirmed.

WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.

Justices THOMAS and ADAMS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.