**THE UNITED STATES OF AMERICA v. J. M. LEE, as an individual and as Comptroller of the State of Florida.**

13 So. (2nd) 919                January Term, 1943
June 2, 1943                      En Banc
Rehearing Denied July 2, 1943

*Samuel O. Clark, Jr.,* Assistant Attorney General, *Sewall Key, J. Louis Monarch, Paul F. Mickey* and *Edward First,* Special Assistants to the Attorney General, *George E. Hoffman,* United States Attorney, and *S. L. Scruggs,* Assistant United States District Attorney, for petitioner.

*J. Tom Watson,* Attorney General, *James H. Millican, Jr.,* Assistant Attorney General, and *J. Lewis Hall,* for defendant.

TERRELL, J.:

Petitioner filed its bill of complaint in the circuit court praying that J. M. Lee individually and as Comptroller of the State of Florida be restrained from collecting the taxes imposed by Chapter 208, Florida Statutes of 1941, on sales of gasoline made to the United States, its departments, agencies, and instrumentalities. A motion to dismiss the bill of complaint was granted and that judgment is here for review by certiorari under Rule 34 of the Rules of the court.

The real question presented is whether or not the United States of America is immune from payment of the gasoline tax imposed by the various sections of Chapter 208, Florida Statutes 1941, particularly Section 208.04 thereof.

Appellant contends that it is the consumer of the gasoline so purchased and claims immunity from payment of the state tax under the Federal Constitution. Panhandle Oil Co. v. State of Mississippi, ex rel. Knox, 277 U. S. 218, 48 Sup. Ct. 451, 72 L. Ed. 857; Graves v. Texas Co. 298 U.S. 393; and James v. Dravo Contracting Co. 302 U.S. 134, 58 Sup. Ct. 208, 82 L. Ed. 155, are discussed in this connection but it is admitted that they have been modified by Penn. Dairies, Inc., v. Milk Control Comm. of Penn., 318 U.S. 261, 87 L. Ed. 549 and other cases.

Appellee on the other hand contends that the tax is ir- posed on the dealer in gasoline and must be paid by him without regard to the consumer or a tax on the consumer. Standard Oil Co. v. Lee, 145 Fla. 385, 199 So. 325; Alabama v. King and Boozer, 314 U.S. 1, 62 Sup. Ct. 43, 86 L. Ed. 3; Curry v. United States, 314 U.S. 14, 62 Sup. Ct. 48, 86 L. Ed. 6; Federal Land Bank v. Bismark, 314 U. S. 95, 62 Sup. Ct. 1, 86 L. Ed. 65, are relied on to support this contention. It is admitted that if Section 208.04 imposes the tax on the dealer, the United States has no case and must pay the tax, but on the other hand if the tax is imposed on the consumer, the appellee has no defense and must abandon the attempt to collect the tax. In this state of the issue, the main question turns on that of whether or not Section 208.04 imposes the tax on the dealer or the consumer. The briefs of counsel being directed in the main to this point, the controlling question is ultimately that of expounding the effect of the Act.

It may clear the atmosphere to state that the law of Florida imposes two separate and distinct gasoline taxes. Section 208.04, Florida Statutes 1941, imposes a tax of six cents on the gallon while Section 208.44 imposes a tax of one cent per gallon. The latter tax is not challenged, it being admitted that it is imposed on the dealer and must be paid by the United States. The impounding order in this case does not affect this tax but goes solely to the tax imposed by Section 208.04.

To support its contention that the tax in question is on the consumer, appellant relies primarily on certain language in Section 208.04 which reads, "This levy of tax is upon the

consumer." Predicated on this terminology, petitioner contends (1) that the tax so imposed is invalid as to the United States, (2) this Court has not held that the tax is not a tax upon the consumer which the history of the Act shows it to be, (3) Chapter 15659, Acts of 1931, while imposing a dealers' tax, had features contrary to that view, and also had attributes of a consumer tax, (4) the effect of Chapter 18298, Acts of 1937, supports the consumer tax theory, (5) Section 208.04 in effect imposes the tax on the United States (6) even if Section 208.04 merely authorizes the dealer to collect the tax from the consumer, the effect is to burden the consumer when the dealer exercises his authority, (7) Chapter 20303, Laws of Florida, 1941, did not repeal Section 208.04, Florida Statutes 1941.

It may be stated at the outset that if the gasoline tax is laid directly on the United States or in the way laid it directly retards the United States in the exercise of its constitutional powers, it is invalid and non enforceable. Panhandle Oil Co. v. State of Mississippi, ex rel Knox, supra; Graves v. Texas Co., supra, and James v. Dravo Contracting Co., supra, conclude this point. But this doctrine was modified in Alabama v. King and Boozer, supra, where it was held that the constitutional immunity of the United States did not apply to a state sales tax imposed on a seller which he collects from the buyer who is a contractor with the United States.

A tax is determined by its practical operation and effect and not by the name applied to it by the legislature. Measured by this test, the tax in question has never been anything but a tax on sales to the United States. It is true that the contrary view was held for a long time and sales to the United States were relieved of the tax by the Comptroller but since Alabama v. King and Boozer, and Standard Oil Company v. Lee, and other cases, a different view has been adopted.

It is quite true that this Court has not said in terms that the tax in question is not a tax on the consumer but in Orange State Oil Co. v. Amos, 100 Fla. 884, 130 So. 707, we held it to be an excise tax upon the privilege of selling gasoline. This was certainly a very strong inference that it was a dealer tax.

It has always been paid by the dealer and the method of its administration has never changed. In our view, the rationale of the Orange State Oil Company case silences any suggestion of a consumer tax. Standard Oil Co. v. Lee, supra, is to like effect. In fact, we find nothing in the Act to support appellants' contention but the provision quoted and that is contradicted by our decisions and all the other provisions of the Act.

In answer to the contention that Chapter 18298, Acts of 1937, made the tax in question a consumer tax, it is sufficient to say that the 1937 Act has been superseded by Section 208.04 Florida Statutes of 1941 which made the adding of the tax to the sales price permissive. This prerogative was granted to the dealer and is inconsistent with the theory of a consumer tax. This Act in no way changed the incidents of the tax or the course of its administration. We have given due consideration to the cases cited on this point by appellant but they all appear to be those affecting statutes imposing the tax on the use of the gasoline, or requiring that it be collected from the consumer or by the very manner of administration the tax is paid by the consumer.

The only other contention we feel required to answer is the charge that when the dealer exercises his authority, the effect is to impose the tax on the consumer. The test applied in the cases cited is not whether or not the consumer ultimately pays the tax but whether the law in terms imposes the tax on him or requires him to pay it in the manner that he pays labor, rent, insurance, or overhead expenses in general. If in paying the price of gasoline, he pays sufficient margin to the dealer to make up his overhead, it does not amount to a tax on the consumer.

Other points raised have been considered but we think they have been fully covered in what we have said on the points treated. Our attention is also drawn to house bill No. 108 which was passed and approved by the Governor May 16, 1943. This Act leaves no doubt that it was the intent of the Legislature that Section 208.04 and Acts supplementary thereto imposed a tax on the dealer in gasoline.

We are therefore driven to the conclusion that notwith-

standing the terms of Section 208.04 laying the tax on the consumer, such a theory is contradicted by every other provision of the Act, by its historical import, and by its practical operation and effect and by the interpretation laid on it by this Court. It is strictly a dealer tax and even though the economic burden of it may be past on the United States, that will not make it a consumer tax.

We do not think the United States is immunized from payment of the tax so the application for certiorari is denied.

Affirmed.

BUFORD, C. J., BROWN, CHAPMAN, THOMAS, ADAMS and SEBRING, JJ., concur.