[Civ. No. 5715. Fourth Dist. Jan. 7, 1958.]

CYRUS ALRED, Appellant, v. CAMP IRWIN NON-COMMISSIONED OFFICERS' OPEN MESS (a Voluntary Unincorporated Association), Respondent.

572

D. Elliott Whitlock, Beloud & Hayton and Robert W. Sutton for Appellant.

Hunter & Liljestrom, Richard M. Gilliland and Gerald V. Barron for Respondent.

BARNARD, P. J.—In this action for damages the respondent Officers' Open Mess, one Currier who was alleged to be its executive agent, and one Marvin, were named as defendants. The original complaint alleged that the respondent is a voluntary unincorporated association operating recreational and social activities at Camp Irwin, California; that the appellant was a patron and guest of the respondent; that he was injured as the result of an assault by one Marvin; that the respondent knew that Marvin had become intoxicated and belligerent, thereby creating a hazard to all patrons of the Mess; and that the respondent, although it had ample opportunity to warn the appellant of the danger, failed to use ordinary care to make the premises safe for the appellant, failed to warn the appellant of the danger, and failed to take any action to restrain or remove Marvin.

Demurrers to the original complaint and to the first amended complaint were sustained with leave to amend. A second amended complaint was then filed containing the added allegations that this Non-Commissioned Officers' Mess was established pursuant to the provisions of Army Regulations 210-50 and 210-60; that the appellant was an associate member of this Officers' Mess; and that, by virtue of the Army regulations and the constitution of the Mess, he had only the right to use the facilities of the Mess as a business invitee and had no right to ownership, control or management of the Mess. The respondent Open Mess filed a demurrer to the second amended complaint, which was sustained without leave to

amend. Judgment was then entered that the plaintiff recover nothing from this respondent. This appeal followed.

The main question presented is whether the respondent, as an instrumentality of the United States government, is entitled to immunity from such a suit as this, in the absence of consent by the government to the bringing of such suit. It is conceded that the Federal Tort Claims Act of 1946 (28 U.S.C.A. §§ 1346-B, 2671-2680) is not applicable since the jurisdiction for a suit permitted by that act is in the federal courts. The appellant contends that the mere fact that the respondent is a government instrumentality is not decisive as to its immunity from this suit, since many government instrumentalities and agents have been held liable to suit in tort actions. It is argued that where the conduct of an officer or agent is such as to create a personal liability the fact that he is such an officer or agent of the United States does not prevent the court from taking jurisdiction of a suit against him; that when Army Regulations 210-50 states that Open Messes are entitled to the immunities and privileges of government instrumentalities it must be taken as recognizing the usual tort liability of such agents and instrumentalities; that since these Army regulations also provide that Open Messes shall carry public liability insurance it must have been contemplated that a separate action may be brought against the Mess itself; and that where the judgment sought will not require action by the sovereign or disturb the sovereign's property there is no jurisdictional difficulty. The appellant relies on *Larson* v. *Domestic & Foreign Commerce Corp.*, 337 U.S. 682 [69 S.Ct. 1457, 93 L.Ed. 1628], and five other cases decided by the Supreme Court of the United States, in which it was held that the fact that the officer was an instrumentality of the sovereign did not forbid the court from taking jurisdiction of a suit against him. These were all cases based on the personal liability of such officers for their unlawful acts, and the Larson case distinguishes such a personal liability of an agent from a suit which in effect is one to enforce a liability against the sovereign, although nominally brought against one of its arms or branches. It was there stated that an officer may be sued for his own tort even though he happens to be an officer of a government instrumentality, and the court said "If the officer purports to act as an individual and not as an official, a suit directed against that action is not a suit against the sovereign." And also, "In a suit against the officer to recover damages for the agent's personal actions . . .

The judgment sought will not require action by the sovereign or disturb the sovereign's property.''

The appellant further contends that it makes no difference if the instrumentality is not an individual but an association or a corporation, citing *Sloan Shipyards Corp.* v. *United States Shipping Board Emergency Fleet Corp.,* 258 U.S. 549 [42 S.Ct. 386, 66 L.Ed. 762]. While in that case, involving the matter of agency, it was held that it cannot matter that the agent is a corporation rather than a single man, it was also pointed out that the agent, because he is an agent, does not cease to be answerable for his acts. While it is true, as the appellant points out, that in establishing the Fleet Corporation Congress did not give its consent to its being sued, it is also true that Congress did not provide that it should have the same immunity from suit as the government. That case involved rights under a contract, the Fleet Corporation was sued for exceeding its authority as an agent of the government appointed for a particular purpose, and that corporation was not held to be an instrumentality of the government engaged in carrying out regular government functions.

As alleged in the complaint this Officers' Mess was established pursuant to the provisions of Army Regulations 210-50 and 210-60. These regulations provide that Open Messes are integral parts of Army establishments, are government instrumentalities, and are entitled to all the immunities and privileges of such instrumentalities. They further provide for various activities and services for the benefit of army men thereby served; for both revenue producing activities and nonappropriated fund activities in connection therewith; that the nonappropriated fund activities are instrumentalities of the federal government and as such entitled to all of the immunities which are available under the federal Constitution and statutes to the departments and agencies of the federal government; and that no individual is entitled to any part of such funds, which are to be used exclusively for the purposes for which the Messes are organized. If immunity from such a suit as this is not recognized, action by this branch of the government would be required, and an adverse judgment would directly affect government property.

It has been held that post exchanges are established under Army regulations, that War Department regulations thus authorized have the force of law, that they are an integral part of the War Department, and that they partake of the immunities of the War Department. (*Standard Oil Co. of Calif.* v.

*Johnson,* 316 U.S. 481 [62 S.Ct. 1168, 86 L.Ed. 1611].) This Officers' Mess was likewise formed under Army regulations as an instrumentality of the government, and being thus formed as an integral part of the military establishment of the United States it may not be sued unless the United States has waived its sovereign immunity. (*Edelstein* v. *South Post Officers Club,* 118 F.Supp. 40.)

Such an organization or instrumentality as this Officers' Mess can act only through the acts of its officers or members. If any tort was here committed it was the act of some individual, in a practical sense, rather than that of the organization itself. While the cases hold that such individuals may be held liable for their unlawful acts the organization itself is, in our opinion, entitled to immunity from such a suit under the Army regulations and the court decisions. The express grant of immunity contained in the Army regulations may not be disregarded because of the fact, as argued by the appellant, that the Army regulations also provide that "Nonappropriated funds and activities which use or operate equipment, structures, automotive, or other mobile property presenting an exposure to the general public will carry public liability insurance in accordance with SR 210-50-4/AFR 176-8." This seems to have been intended to provide insurance for the protection of the general public, in cases where individuals may be liable for their unlawful acts, rather than for the purpose of doing away with the immunity otherwise granted to the organization itself. It may have been intended to provide for insurance in connection with actions where the Federal Tort Claims Act is applicable, or in cases involving the personal liability of officers and employees of such an instrumentality. In any event, it does not constitute a consent to be sued and may not be held to have the effect of overcoming the several other grants of immunity contained in the same regulations.

We conclude that the demurrer to the second amended complaint was properly sustained. The demurrer and the judgment affect only the respondent organization itself, and do not affect the action as against the individual defendants.

The judgment is affirmed.

Mussell, J., concurred.