THORNAL, Justice.
In an original proceeding in mandamus we are requested to direct the respondent to refund to the relators certain excise liquor taxes paid and collected pursuant to Section 561.46, Florida Statutes, F.S.A
We.-must decide whether the subject tax was an excise impost on consumers, and *548 if so whether relators were exempt from liability therefor as instrumentalities of the United States government.
The thirty-two relators are unincorporated associations organized and operated pursuant to regulations of the Department of Defense of the United States government. Admittedly they are integral components of the federal military establishment. Their function is to promote the welfare and recreational activities of military personnel. At various times between August 1, 1961, and June 18, 1963, relators purchased alcoholic beverages from wholesalers for use and consumption by authorized personnel who patronized their facilities. As a part of the purchase price rela-tors paid to the wholesalers for ultimate remittance to the respondent, Green, Florida Comptroller, state imposed excise taxes. The taxes were paid at rates prescribed by Section 561.46, Florida Statutes, F.S.A., in effect at the time of payment.
By timely application in accord with Section 215.26, Florida Statutes, F.S.A., rela-tors sought a refund of taxes in the amount of $311,381.03, paid during the critical period. The respondent has refused to make the refund until ordered to do so by a competent court. This mandamus action is the process initiated by the relators to compel the repayment.
The relators base their claim on a peculiar amendment to Section 561.46, supra, by Chapter 61-271, Laws of Florida, 1961. They contend that during the effective period of this amendment, August 1, 1961, to June 18, 1963, the tax was converted into an excise impost on the purchaser or consumer, rather than on the wholesaler, as it formerly was. Finally, they assert that as consumer instrumentalities of the federal government, they were not liable for the tax because no tax was due by them. Therefore, they pray that the requested refund be required.
The respondent Green has moved to quash the alternative writ advancing numerous grounds. These include the alleged legal insufficiency of the petition to support the relief prayed. It has been agreed that we may proceed to dispose of the merits on the basis of the alternative writ and motion to quash.
We proceed initially to determine whether Chapter 61-271, supra, converted the alcoholic beverages excise tax from a levy on the manufacturer to a levy on the consumer.
Prior to the effective date of Chapter 61— 271, supra, the alcoholic beverage taxes imposed by Section 561.46(1) through Section 561.46(6), Florida Statutes, F.S.A., were clearly excises to be paid by the manufacturers or distributors. In each section it was provided that “there shall be paid by all manufacturers and distributors” a tax at a stated rate for the particular beverage described.
In 1961, the Legislature enacted Chapter 61-271, supra, as an amendment to Section 561.46, supra, by adding sub-section (10) to read:
“(10) All excise taxes levied in this section are consumer taxes and shall be paid by the consumer. The manufacturer or distributor shall collect the tax from the purchaser or consumer and the purchaser or consumer shall pay the tax to the seller. The manufacturer or distributor shall be responsible for the collection of the tax and the payment to the director.”
Chapter 61-271, supra, was filed in the Office of the Secretary of State without gubernatorial approval on June 22, 1961. It therefore became effective August 1, 1961, sixty days after the final adjournment of the 1961 session. Article III, Section 18, Florida Constitution, F.S.A.
Chapter 61-271, supra, and hence Section 561.46(10), Florida Statutes, were repealed by identical Laws of Florida, 1963. Chapter 63-485 and Chapter 63-510. These repealing statutes became effective on June 18, 1963, but were made retroactive to June *549 22, 1961, the date when Chapter 61-271 was originally filed with the Secretary of State. We do not here deal with the retroactive aspects of the 1963 statutes.
This legislative history is recited to establish the beginning and terminal dates of the statutory basis for the payment and collection of the disputed tax. It began August 1, 1961, when Chapter 61-271, supra, became effective. It ended June 18, 1963, when Chapters 63 — 485 and 63-510, repealed the 1961 Act.
We recur, now, to the impact of Chapter 61-271, supra, on the nature of the tax. Prior to that act it was clearly a tax to be paid by the manufacturers or distributors — not the purchasers or consumers. We think it equally clear that by Chapter 61-271, supra, the Legislature converted the excise into a tax mandatorily payable by the purchaser or consumer.
A glance at the title of Chapter 61-271, supra, signals this intent. The title announces that it is “An Act * * * providing who shall pay excise taxes on beverages.” This language certainly suggests a specific legislative intent to identify the taxpayer in the body of the Act.
The Act itself, with equal clarity, stipulated that “all excise taxes levied in this section [561.46] are consumer taxes and shall be paid by the consumer. The manufacturer or distributor shall collect the tax from the purchaser or consumer * * ” (Brackets and emphasis added.)
We can only speculate that the apparent legislative purpose was to enable Florida purchasers or consumers to enjoy a deduction privilege for federal income tax purposes. CCH Florida Tax Reporter, Section 35-151.20; I.T. 4052, 1951-1 C.B. 17. Regardless of the legislative objective, the amendment effectively transformed the former manufacturers’ tax into a consumer’s tax.
By his brief, the respondent concedes that Chapter 61-271, supra, appears to have been an attempt 'by the Legislature to change the tax to a consumer tax. However, he argues that it failed to accomplish this result because in his view the legal burden remained upon the manufacturer or distributor. He relies upon United States v. Lee, 153 Fla. 94, 13 So.2d 919.
The applicability of United States v. Lee, supra, is more apparent than real. It involved the Florida tax on gasoline which was described in the statute as a “levy of tax is upon the consumer” but required its payment by the distributor or dealer upon the first sale within the state. The Act then provided that upon payment or assumption of the tax by the distributor or dealer “the amount of the tax paid or assumed may be added to the sales price of the product sold * * The Court held that this permissive aspect of transferring the tax burden to the consumer was “inconsistent with the theory of a consumer tax.” It was further noted that this permissive language had been added to the gasoline tax act, Section 208.04, Florida Statutes, F.S.A., by a then recent amendment, Chapter 20303, Laws of Florida, 1941. Additionally, the Court recognized the impact of Chapter 21757, (H.B. 108), Laws of Florida, 1943, effective May 17, 1943. That Act was a clear legislative interpretation of the dealer nature of the gasoline tax as then imposed. United States v. Lee, supra, was decided June 2, 1943. The litigation which produced the opinion in United States v. Lee, supra, was actually an aspect of a near hassle between Florida and the federal government regarding payment of the gasoline tax. See Governor Holland’s message to the Legislature, 1943 Journal of the House of Representatives, p. 15. The effect of this decision is reflected in the historical development of Section 208.45, Florida Statutes, F.S.A., regarding the exemption of certain sales of gasoline to the United States. In view of the distinguishing language of Section 208.04, supra, as well as the distinctions drawn by the Court in its opinion, we find that United States v. Lee, supra, is not controlling here.
*550 ■ Having concluded that the tax involved is a consumer tax, we must ascertain 'whether the relators are instrumentalities of federal government. If they are, it is settled without exception that they cannot be'made the subject of a state-imposed tax burden without congressional approval. Roberts v. American National Bank of Pensacola, 94 Fla. 427, 115 So. 261, 97 Fla. 411, 121 So. 554; Mayo v. United States, 319 U.S. 441, 63 S.Ct. 1137, 87 L.Ed. 1504, 147 A.L.R. 761; M’Culloch v. State of Maryland, 4 Wheat. (U.S.) 316, 4 L.Ed. 579. By contrast where a private contractor is engaged in federal construction work, see, United States v. Boyd, 378 U.S. 39, 84 S.Ct. 1518, 12 L.Ed.2d 713.
The respondent seems to concede that the relators are instrumentalities of the federal government. At least he offers no authority to the contrary. Indeed, it now appears settled that such agencies as post exchanges, ship service stores, commissioned and non-commissioned officer clubs and "messes”, when organized and operated under Defense Department regulations, are instrumentalities of the government of the United States. Standard Oil Co. of California v. Johnson, 316 U.S. 481, 62 S.Ct. 1168, 86 L.Ed. 1611; Edelstein v. South Post Officers Club, D.C., 118 F.Supp. 40; Alred v. Camp Irwin Non-Commissioned Officers’ Open Mess, 156 Cal.App.2d 571, 319 P.2d 654; Maynard & Child, Inc., v. Shearer (Ky.1955), 290 S.W.2d 790. The case last cited, held that an officers club was an instrumentality of the United States. Hence, it was exempt from a state consumer excise liquor tax under the terms of the so-called Buck Act. 4 U.S.C.A. § 105 et seq.
To avoid refunding the taxes claimed by the relators, the respondent Comptroller, offers a contention that for several reasons Chapter 61-271, supra, was unconstitutional. He then reasons that although the tax was collected by the State under the allegedly invalid statutes, nevertheless Florida should be permitted to regain the proceeds of the invalid tax. He .would thereby refer the relatols to some nebulous remedy against the distributors who were in fact the state’s tax collecting functionaries.
Assuming the power of a state officer to question the validity of a fiscal statute under which he functions, Green v. City of Pensacola, Fla.App., 108 So.2d 897; Kaulakis v. Boyd, Fla., 138 So.2d 505, the points made by the respondent are no barriers to our ultimate judgment.
In the first place we do not reach the problem of the alleged invalidity of the statute because it is unnecessary to do so. We have disposed of the matter on other grounds. North Am. Co. v. Green, Fla., 120 So.2d 603; Peters v. Brown, Fla., 55 So.2d 334. In the second place, if respondent were correct regarding the claimed invalidity of the statute, the relators would still be entitled to the relief sought. The money was collected by the state, when no taxes were due by the relators. Section 215.26, Florida Statutes, F.S.A., authorizes recovery under such circumstances. State ex rel. Hardaway Contracting Co. v. Lee, 155 Fla. 724, 21 So.2d 211.
The brief of respondent concedes that there is little real dispute between the parties regarding the actual amount of excise taxes paid. It is suggested that a mutual audit will eliminate any differences. Similarly, the respondent has adequate administrative authority to establish such procedures as may be necessary to meet the requirements of our judgment.
The sum of our holding is:
(1) Because of Chapter 61-271, supra, the taxes paid by the relators were direct consumer excise taxes while that act was in effect.
(2) The relators were all instrumentalities of the federal government and were therefore not subject to state taxation of the type involved when the taxes were paid and collected.
*551 (3) The relators are entitled to have returned to them under Section 215.26, Florida Statutes, F.S.A., the amount' of the taxes -severally paid by them while Chapter 61-271, supra, was in effect.
The powers of state sovereignty, which we would be the first to recognize, carry correlative state responsibilities. In this instance, out of its apparent zeal to be helpful to its own citizens, the state simply encroached upon a long-established concept of intergovernmental immunity from taxation.
The motion to quash is denied. The relators are entitled to a peremptory writ, and it shall be issued accordingly.
It is so ordered.
DREW, C. J., O’CONNELL and BARNS (Retired), JJ., and McCORD, Circuit Judge, concur.