PER CURIAM.
The appellant seeks review of an adverse final judgment which determined that in computing value for ad valorem tax purposes the Federal Excise Tax and the State Excise Tax on distilled spirits should be included therein. Said opinion by the trial judge reads in part as follows:

“ * * * The Court’s adjudication on the central legal issue in the cause which was precisely stated in the plaintiff’s brief as:
‘“CAN THE FACE VALUE OF STATE and FEDERAL EXCISE STAMPS BE INCLUDED AS AN ELEMENT OF VALUE IN ASSESSING THE STOCK IN TRADE CONSISTING OF ALCOHOLIC BEVERAGES OF A WHOLESALE LIQUOR DISTRIBUTOR?’
is as follows:
“1. The essential question involves whether the excise taxes imposed by federal and state law fall upon the manufacturer or primary distributor of alcoholic beverages on the one hand or upon the individual purchasers of bottles on the other hand. If the tax is on the manufacturer or primary distributor, then the excise tax becomes absorbed *853 in the manufacturer’s or distributor’s costs as a cost of manufacture or distribution. As a cost of manufacture or distribution, it is exactly akin to such other costs as federal income taxes, license taxes, state occupational taxes and the various other manufacturing and distribution costs which enter into the production and distribution of alcoholic beverages. In such case the cost of the excise tax becomes a cost of manufacture or distribution and part of the taxable value of the product. What is invoiced to the wholesaler or retailer includes these costs.
“On the other hand, if the tax is on the ultimate consumer rather than on the manufacturer or distributor, then the excise tax remains a tax until the consumer pays it when he purchases his bottle. The manufacturer, distributor, wholesaler and retailer are merely tax collecting agencies for the federal government or the State of Florida and collect taxes for these governmental entities from the ultimate consumer. If this be the case, then the excise taxes are not a part of the cost of manufacture or distribution, but are excises levied on the ultimate consumer and should not be included within the taxable value of the alcoholic beverages or package goods. The invoice sent out by the manufacturer or distributor would then include taxes rather than manufacturing or distribution costs.
“2. This issue is resolved by the wording of Section 561.46, Florida Statutes, which places the responsibility for paying the state excise tax squarely on the manufacturers and distributors. The intent of the state enactment is made clear and unequivocal both by the statutory language employed and by the interpretation given that language by the Supreme Court of Florida in State ex rel. C.P.O. Mess (Open), United States Naval Station, Key West v. Green (1965) 174 So. 2d 546. See also Schenley Distillers, Inc. v. United States (C.A., 3rd) 255 F.2d 334 (1958). Similarly, the federal tax burden rests on the manufacturer of the beverage who is primarily liable for the tax under 26 U.S.C.A., Section 5001 (b).
“3. These excise taxes imposed on the manufacturer or primary distributor are a cost of manufacture or primary distribution and become part of the intrinsic value of the goods for purposes of state ad valorem taxation.
“4. However, those alcoholic beverages which have not yet incurred the burden of federal excise tax by virtue of being stored in a bonded warehouse have not yet been increased in value by the payment of the federal excise tax. In such circumstances the value of the federal excise stamps, the liability for which has not yet arisen, should not be included within the value of those alcoholic beverages stored in a bonded warehouse.
“5. With alcoholic beverages containing more than 14% of alcohol, the levy of state excise tax is accomplished by the sale of tax stamps which are placed on the beverage containers. • Section 561.47, Florida Statutes [F.S.A.], provides that tax stamps can only be purchased by licensed distributors, and Section 561.47(2), Florida Statutes [F.S.A.], provides that stamps of the required amount must be affixed to the beverage containers before they can be sold by the distributor. Since the state excise will have been paid on all such alcoholic beverages in the hands of Florida distributors, wholesalers and retailers, the stamps representing these state excise taxes increase the value of the beverages for state ad valorem tax purposes. The value of these state stamps should be included in the value of the alcoholic beverages whether the beverages are in bonded storage or not, since these state excises will have been paid or should have been paid regardless of whether the alcoholic beverages are in bonded storage.
*854 “6. Alcoholic beverages containing less than 14% of alcohol by weight are taxed by the gallon, and the tax is collected by the State Beverage Department through individual dealer reports and periodic inventory checks on the stocks of manufacturers, wholesalers, and distributors. This state excise tax is usually not required to be paid until the alcoholic beverages leave the premises of the Florida manufacturer or distributor or, in those cases where the beverages go into bonded storage, when the alcoholic beverages actually leave bonded storage. Since this excise tax may not have been paid until the alcoholic beverages leave the Florida manufacturer or distributor or the bonded warehouse, the value of the excise should not be added to the value of the beverages for ad valorem tax purposes until the state excise has been paid.”
‡ sjc }}: % jjs
We have examined the authorities cited by the trial judge and those cited by all counsel in their respective briefs, and conclude that the trial judge was correct in affirming the action of the tax assessor in including Federal Excise Taxes on the total value of the product involved,. because this tax is due regardless of the sale of the product. Or, to put it another way, the incident of sale has nothing to do with the fixing of responsibility for the tax. As to the State Excise Tax, we conclude that the trial judge was in error. As clearly conceded by counsel for the appellees during oral argument of this cause, the amount of this excise tax would not be included in the value of the product until such time as the tax stamp was actually affixed to the product. And, that if a distributor had such tax stamps in his possession and they were not affixed to the product on the crucial date for tax purposes, the value would not be so included in the total value of the product. It is apparent that the crucial time for the State Excise Tax is the time of sale by the distributor. This differs substantially from the crucial time as to the Federal Excise Tax which, as indicated above, affixes notwithstanding any sale.
Therefore, we modify the action of the trial judge with directions to eliminate from the final judgment the provisions permitting the inclusion for ad valorem tax purposes of the amount of any State Excise Tax due on a distilled product.
Affirmed as modified.