Mr. Stephen G. Beneke Attorney, Pinellas County Housing Authority
QUESTION:
Is a housing authority, pursuant to s. 423.02, F.S., exempt from Florida gasoline taxes authorized to be imposed under the provisions of ch. 206, F.S.?
SUMMARY:
A public housing authority created or established under the provisions of ch. 421, F.S., is not by the terms of s. 423.02, F.S., exempt from or entitled to a refund of any part of the motor fuel tax levied by the state under ch. 206, F.S., and the Department of Revenue is not authorized by law to make any refunds of the state tax to such housing authorities.
Your question is answered in the negative.
Section 423.02, F.S., exempts the housing projects of housing authorities from all taxes and special assessments of the state. This section has been held `to preclude the levy of excise taxesupon public housing authorities.' (Emphasis supplied.) Green v. Panama City Housing Authority, 115 So.2d 560 (Fla. 1959); see also
State ex rel. Housing Authority of Plant City v. Kirk,231 So.2d 522 (Fla. 1970); AGO 078-124.
The several excise or license taxes imposed on the use or sale of motor fuel and special fuels in this state pursuant to ch. 206, F.S., are taxes on the privilege of selling such fuels, exacted from duly licensed dealers or distributors, and are not taxes on consumers. See Amos v. Mathews, 126 So. 308, 327 (Fla. 1930); Orange State Oil Co. v. Amos, 130 So. 707, 709 (Fla. 1930); United States v. Lee, 13 So.2d 919, 921-922 (Fla. 1943); see also AGO's 062-154, 071-302; and cf. AGO 074-390. In United States v. Lee,supra, the Florida Court stated:
 A tax is determined by its practical operation and effect, and not by the name applied to it by the legislature. Measured by this test, the tax . . . has never been anything but a tax upon the dealer in gasoline who is not immunized from payment of the tax on sales to the United States . . . .
 It is quite true that this Court has not said in terms that the tax . . . is not a tax on the consumer, but in Orange State Oil Co. v. Amos, 100 Fla. 884, 130 So. 707, we held it to be an excise tax upon the privilege of selling gasoline . . . . It has always been paid by the dealer and the method of its administration has never changed. In our view, the rationale of the Orange State Oil Company case silences any suggestion of a consumer tax . . . .
 It is strictly a dealer tax and even though the economic burden of it may be passed on the United States, that will not make it a consumer tax. Id. at 921-922.
Therefore, the State has not levied, and ch. 206, F.S., does not operate to impose any excise or license tax upon the public housing authorities created or established under ch. 421, F.S., as consumers or otherwise. No tax having been levied upon such housing authorities, there is not anything that the exemption provided for in s. 423.02, F.S., may operate on.
Although certain persons and entities are entitled to certain refunds of certain portions of the state motor fuel tax, see ss. 206.31, 206.50, 206.625 and 206.64, F.S., no such entitlement is prescribed by ch. 206, F.S., for public housing authorities, and the Department of Revenue, the state agency charged with the responsibility of administering, collecting and enforcing the state motor fuel tax, is not authorized by law to make any such refunds to public housing authorities created and existing under the provisions of ch. 421, F.S.
Prepared by: John Browdy, III, Assistant Attorney General