Mr. Gavin W. O'Brien Attorney Manatee County School Board Post Office Box 9069 Bradenton, Florida 33506
Dear Mr. O'Brien.
This is in response to your request for an opinion on substantially the following question:
 PURSUANT TO s 336.021, F.S., AS AMENDED BY CH. 82-40, LAWS OF FLORIDA [AND AS SUBSEQUENTLY AMENDED BY CH. 83-3, LAWS OF FLORIDA], IS A SCHOOL BOARD ELIGIBLE FOR A REFUND OF TAXES ON MOTOR FUEL OR SPECIAL FUEL LEVIED PURSUANT TO THAT SECTION?
Section 1 of Ch. 82-40, Laws of Florida, amended s 336.021, F.S., and prior to the 1983 amendment of this section, provided in pertinent part:
 County transportation system; levy of tax on motor fuels and special fuels. —
 (1) Any county in the state may, in the discretion of its governing body and subject to a referendum, impose, in addition to all other taxes required by law, a 1-cent tax upon every gallon of motor fuel and special fuel sold in such county and taxed under the provisions of chapter 206 . . . . The tax shall be collected in the same manner as all other gas taxes pursuant to chapter 206 and shall be returned on a monthly basis to the county where collected. The provisions for refund provided in ss. 206.29, 206.50, 206.625, and 206.64 shall not be applicable to such tax levied by any county. (e.s.)
Senate Bill 8A passed the Legislature during the March 1-3 Special Session, was approved by the Governor shortly thereafter, and has been assigned Ch. 83-3 in the Session Laws. Section 54 of Ch. 83-3 amended s 336.021, F.S. (1982 Supp.) and it currently provides:
336.021 County transportation system; levy of voted gas tax on motor fuel and special fuel.
 (1) Any county in the state, in the discretion of its governing body and subject to a referendum, may impose, in addition to all other taxes required or allowed by law, a 1-cent voted gas tax upon every gallon of motor fuel and special fuel sold in such county and taxed under the provisions of chapter 206 . . . . The tax shall be collected in the same manner as all other gas taxes pursuant to chapter 206 and shall be returned monthly to the county where collected. The provisions for refund provided in ss. 206.625
and 206.64 shall not be applicable to such tax levied by any county.
Pursuant to Section 64 of Ch. 83-3, this amendment to s 336.021
took effect March 14, 1983.[1]
The 1983 amendment to s 336.021, F.S. (1982 Supp.), authorizes a `voted' one cent tax on every gallon of motor fuel and special fuel sold within a county, and taxed under the provisions of Chapter 206, if the tax is approved by the county commission and by referendum. This tax is to be collected in the same manner as all other gas taxes pursuant to Ch. 206, and is to be returned monthly to the county where collected. Additionally, the 1983 amendment specifically provides that the refund provisions contained in ss 206.625 and 206.64 shall not be applicable to this tax.
Thus, you ask if the school board is eligible for a refund of the taxes paid pursuant to s 336.021, F.S., as amended. Florida courts have historically held that the taxes imposed on the use or sale of motor fuel and special fuel in this state pursuant to Ch. 206, F.S., are taxes on the privilege of selling such funds, exacted from duly licensed dealers or distributors, and are not taxes on consumers. See, AGO 81-33 (concluding that a housing authority's consumption of fuel taxed pursuant to Ch. 206 was not exempt from taxation pursuant to s 423.02, F.S., since no tax was levied on such housing authorities). See also, United States v. Lee,13 So.2d 919 (Fla. 1943) (holding that this category of tax levied on gasoline is not a tax levied on the consumer, but rather an excise
tax upon the privilege of selling gasoline); Amos v. Mathews,126 So. 308 (Fla. 1930); Orange State Oil v. Amos, 130 So. 707, 709
(Fla. 1930); and see, AGO's 74-390, 71-302 and 62-154. Compare, s 212.70, F.S., created by s 6, Ch. 83-3, Laws of Florida, and that section read in pari material with s 212.92 (sales tax on motor fuel and special fuel tax on `ultimate retail consumer', and school districts entitled to certain tax returns of this tax); and s 206.625(2), F.S., as amended by s 21, Ch. 83-3, supra (those portions of the county gas tax imposed by s 206.60 which result from the collection of such tax paid by a school district on motor fuel for use in a motor vehicle operated by such district shall be returned to the governing body of each such school district according to the administrative procedures in s 212.92 to be used for certain purposes).
My review of Ch. 83-3, Laws of Florida, in its amendment of s336.021, F.S., and pertinent provisions of Ch. 206, F.S., as amended, indicates that the doctrine of United States v. Lee, supra, remains applicable to the taxes imposed by the `voted' gas tax on motor fuel and special fuel and until the courts of this state decide otherwise, I must assume that this is the case.
Therefore, it is my opinion that a district school board is not eligible for a refund of taxes on motor fuel and special fuel levied pursuant to s 336.021, as amended by Ch. 83-3, Laws of Florida, since this category of tax is not a tax levied on consumers, but rather an excise tax paid by dealers and distributors and levied on the privilege of selling motor fuel and special fuel; and since there is no statutory authority for such a refund of this tax to school districts.
Sincerely,
Jim Smith, Attorney General
Prepared by: Anne Curtis Terry, Assistant Attorney General
[1] I note in passing that Ch. 83-3 also created s 336.025, F.S., which authorizes levy of a `local option gas tax' on motor fuel and special fuel, in addition to other taxes imposed on such fuels. Section 336.025 authorizes a tax of 1, 2, 3, or 4 cent(s) that may be levied without voter approval, and should not be confused with s 336.021's provision for a `voted gas tax.'